KEELER, RESPONDENT, *v.* GREEN, APPELLANT.

(No. 3,515.)

(Submitted May 5, 1915.   Decided May 25, 1915.)

[149 Pac. 286.]

*Sales—Breach of Warranty—Complaint—Sufficiency.*

Sales—Breach of Warranty—Complaint—Sufficiency.
  1.  The fact that the complaint in an action for breach of warranty of seed wheat failed to allege that defendant had knowledge of the variety sold, did not render the pleading insufficient, it being the duty of defendant to know that the seed delivered was of the character and quality represented to plaintiff.

  [As to implied warranty of quality of seeds, see notes in 55 Am. Dec. 328; 102 Am. St. Rep. 623; 37 L. R. A. (n. s.) 82.]

Same—Pleadings—Inconsistency.
  2.  The efficacy of the complaint, after alleging the entire worthlessness of the seed sold to plaintiff, was not entirely destroyed by a paragraph which averred that a thin and scattering crop was harvested, of a certain value, to which amount defendant was entitled to credit; plaintiff, under this allegation, was entitled to recover for such damages as were proximately caused by defendant's fault.

*Appeal from District Court, Flathead County; J. E. Erickson, Judge.*

ACTION by F. W. Keeler against S. L. Green.   Judgment for plaintiff and defendant appeals.   Affirmed.

Cause submitted on brief of appellant.

*Mr. Paul M. Wishon,* for Appellant.

MR. JUSTICE SANNER delivered the opinion of the court.

The complaint alleges, in substance, that on April 1, 1913, the defendant sold to the plaintiff 145 bushels of wheat for spring seeding, warranting said wheat to be spring Fife wheat; that after properly preparing the ground, plaintiff properly sowed the wheat upon ninety-seven acres and used care and diligence to make the same produce a crop; that said wheat did not produce a crop because it was not spring wheat, but fall wheat, and was therefore worthless and of no value to the plaintiff; that he did not know and could not ascertain, prior to the summer of 1913, that the wheat was not spring Fife wheat as warranted, but that defendant knew or could with reasonable diligence have ascertained that fact when he delivered said wheat to the plaintiff. The complaint then fixes the damages in gross at $683.50, and in paragraph X avers: "That on said ninety-seven acres of land, there sprang up and grew this year [1913], a thin, scattering crop of spring wheat which plaintiff believes was from seed scattered to the ground during the harvest of 1912, which plaintiff has carefully cut, stacked and threshed, which is of the reasonable value of $181.13, to which amount the defendant is justly entitled to credit." Judgment is asked for $502.37. After answer and trial upon the merits, judgment for the plaintiff for $300 was entered on the verdict of the jury. From that judgment this appeal is taken.

But one question is presented, *viz.:* Does the complaint state [1] a cause of action? The defendant insists that it does not, for two reasons, *viz.:* It contains no allegation that defendant "had knowledge of the variety of the wheat he sold," and it attempts to state a cause of action based upon the total worthlessness of the wheat sold, which is negatived by the allegations of paragraph X above quoted. We see nothing in either objection. As to the first, the allegations are clearly sufficient to charge a warranty of character and quality by the seller; it is his duty to know that the goods delivered were of that character and quality, and if they were not, the responsibility is his, in the absence of an acceptance with knowledge by the buyer.

(*Hoffman* v. *Dixon,* 105 Wis. 315, 76 Am. St. Rep. 914, 81 N. W. 491.)

As to the second: Paragraph X does not admit that the scattering crop came from defendant's seed, but avers, in effect, [2] that it was a volunteer crop from seed scattered in the harvest of 1912. The theory under which he harvested and gave credit for this volunteer crop manifestly was that his duty to the defendant required him to minimize his damage so far as might be, and of this the defendant cannot complain. But, though the fact were as urged by the defendant, the plaintiff's cause of action would not be destroyed. If not all, but only a part, of the wheat was worthless, the plaintiff could still recover, under the allegations of his complaint, for such damages as were proximately caused by the defendant's failure so far as that could be ascertained.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.