[No. 13033.  Department One.  May 6, 1916.]

Thomas B. Meehan *et al.*, *Appellants*, v. W. D. Ingalls, *Respondent.*[1]

Sales—Warranty—Breach—Evidence—Sufficiency.  The mere fact that seeds, sold upon express warranty as to their germinating quality, did not grow when planted in good soil, is not sufficient to show a breach of the warranty, where a germination test before sale showed that the seeds were good, and the buyer kept them too long in water and placed them on ice allowing the ice to melt, which tended to prevent germination.

Appeal from a judgment of the superior court for Yakima county, Preble, J., entered February 2, 1915, upon findings in favor of the defendants, in an action on contract, tried to the court.  Reversed.

*Englehart & Rigg*, for appellants.

*Thomas H. Wilson* and *Guy O. Shumate*, for respondent.

Mount, J.—This action was brought by the plaintiffs to recover $302.60 from the defendant, being the agreed price of crab apple and pear seed sold to the defendant.

The defendant, for answer to the complaint, admitted that he ordered the seeds at the price alleged, but denied all the other allegations of the complaint; and as an affirmative defense alleged, in substance, that the defendant purchased the seed for planting and growing a nursery; that the plaintiffs knew the purpose for which the defendant purchased the seed; that the defendant planted the seed properly and cultivated the same, but none of the seeds germinated or grew. For a cross-complaint, the defendant alleged that he had been damaged in the sum of $562 by reason of the fact that the seeds did not germinate and grow, and by reason of preparing and cultivating the land upon which the seeds were planted.  The reply denied the allegations in the affirmative answer and in the cross-complaint.  Upon these issues, the

[1]Reported in 157 Pac. 217.

case was tried to the court without a jury, and a judgment was entered in favor of the defendant for the sum of $127.53. The plaintiffs have appealed from that judgment.

The facts are as follows: On October 28, 1912, the appellants wrote a letter to the defendant stating that they had just received certain seeds, and quoting prices thereon. In this letter, it was stated as follows:

"This seed will be of the usual first class germinating quality that we have furnished in the past. There is none better. Prospects of a crop at the present writing are encouraging. Place your order early and have your quantity reserved. Seed will be ready for delivery latter part of January, 1913."

The respondent had dealt with the appellants for some time in seeds. Upon the letter heads of the appellants, was printed this statement:

"Guarantee: While we try to procure the very best seed on the market, we give no guarantee, either express or implied. Samples will always be furnished when applied for. If the seeds are not accepted on these terms, we must be notified at once. If they are kept it will be taken as proof that they are satisfactory."

On December 5, 1912, the defendant ordered the seeds in question from the appellants. The seeds were shipped by express, as directed, and were received by the respondent about the middle of January, 1913. The respondent, upon receiving the seeds, placed them in a creek to soak for about a week. He thereupon took them from the creek and put them in an ice-pack until the latter part of March, or the first of April, when they were planted.

After the appellants had shipped the seeds, which were sold on thirty days' time, they sent a statement of account to the respondent requesting payment. The respondent made no reply to this statement. Thereafter the appellants drew a draft upon the respondent, which the respondent refused to pay, but made no complaint concerning the quality of the seeds. Thereafter this action was brought. Then the ap-

pellants were notified for the first time that the seeds did not germinate. Before the appellants sent the shipment of seeds to the respondent, the seeds were given the usual test to determine their character, and this test showed that the seeds were good and would germinate. The only evidence in the record that the seeds were not good and would not germinate is the fact that the seeds were planted in good soil in the usual method and did not grow. There is evidence in the record to the effect that the proper method of treating seeds of this character is to wet them for a short time, and then keep them on ice until they are planted. The expert who testified to these facts stated that wetting them for two days was the longest time required; and that, if the seeds after being wet are placed upon ice, and the ice-pack is permitted to melt, the seeds will heat, and the heat will destroy the germinating quality of the seeds. The defendant's testimony shows that he placed these seeds in a creek and left them there for about a week; that he then placed them in an ice-pack; that the ice melted; and that he was required to and did renew the ice. We think it is apparent from these facts that there were at least two causes for the destruction of the germinating quality of the seeds after they were received by the respondent. If the seeds were left too long in water, they would germinate, and ice would then destroy the germination. And second, if they were properly placed upon the ice, and the ice was permitted to melt, the seeds would heat, and the heat would destroy the germinating quality. Both of these conditions are present in this case.

Assuming, without deciding, that there was an express warranty of the quality of the seeds, the testimony is not disputed that the usual test was applied to the seeds by the appellants to determine the germinating quality of the seeds, and this test showed the seeds to be good. There is no evidence to dispute the good quality of the seeds except that the seeds when planted did not grow. But as we have seen above, the method of handling the seeds by the respondent

after he received them is sufficient to show that it was through his own neglect and failure to properly treat the seeds that their germinating power was killed. We are satisfied, therefore, that the mere fact that the seeds did not grow after they received the treatment which it is conceded they received after they were in possession of the respondent, is not sufficient to show that the seeds were not good and capable of germinating at the time the respondent received them. We are satisfied, therefore, that the appellant was entitled to recover the agreed price of the seeds, and that a judgment should have been entered in favor of the appellants.

The judgment of the trial court is reversed, and the cause remanded with direction to enter a judgment in favor of the appellants for the amount claimed.

MORRIS, C. J., ELLIS, BAUSMAN, and CHADWICK, JJ., concur.