[No. 14847.   Department Two.   January 21, 1919.]

HERMAN A. KRAMER *et al., Appellants,* v. CARBOLINEUM WOOD PRESERVING COMPANY, *Respondent.*[1]

NEGLIGENCE—SALE OF INJURIOUS REMEDIES—LIABILITY OF STATE AGENT. An agent handling the sale in certain states, but in no way connected with the manufacture, of a secret process remedy, misrepresented to make fruit trees healthier, is not liable for damages caused by use of the remedy purchased from another agent; since there can be no liability in the absence of privity, where the thing sold was not of a noxious or dangerous kind and the defendant did not make the sale and was guilty of no fraud, deceit or negligence with reference to the sale or manufacture.

Appeal from a judgment of the superior court for Clarke county, Back, J., entered November 12, 1917, upon the verdict of a jury rendered in favor of the defendant by direction of the court, in an action for damages.   Affirmed.

*Henry Crass* and *R. Sleight,* for appellants.

*C. A. Sheppard* and *McMaster, Hall & Drowley,* for respondent.

MOUNT, J.—This action was brought to recover damages for the loss of a number of trees in a prune orchard.   The complaint alleged that the damages were

[1]Reported in 177 Pac. 771.

caused by the defendant preparing and putting up under a secret process in sealed tin cans a preparation called Avenarius Carbolineum, which was sold by the defendant under a representation printed upon the label on the cans stating that:

"Trunks of fruit trees painted with Avenarius Carbolineum will not be troubled with borers and will become healthier."

The complaint alleged that, with knowledge of this representation and in reliance upon it, the plaintiff purchased this substance and applied it to the prune trees in the orchard, and that the application of this Avenarius Carbolineum was for the purpose of destroying and exterminating borers, some of which had begun to appear in plaintiff's orchard, and for the purpose of rendering said trees healthier; but that, instead of so doing, the application caused a large number of the trees to die, and injured a large proportion of the remaining trees so as to render them worthless and make it necessary for the plaintiff to dig them up and set out new trees in their place; that the trees thus injured and destroyed were of seven years' growth, and that the plaintiff had lost the time required to replace them with other trees of equal growth, and had been damaged by the destruction and injury to the trees in the sum of $15,000. The answer admitted the incorporation of the defendant, and admitted that borers were harmful to fruit trees and, if not exterminated, would kill the same, and denied the other allegations of the complaint. Upon these issues, the case was tried to the court and a jury. At the close of all the evidence, the court, upon the defendant's motion, directed a verdict in favor of the defendant and thereafter dismissed the action. The plaintiff has appealed.

Upon the trial of the case, the evidence showed that the respondent was not the manufacturer of the product known as Avenarius Carbolineum; that this product was originally manufactured in Germany under a secret process and afterwards manufactured in Milwaukee, Wisconsin, by a Wisconsin corporation; that the respondent was not connected in any way with the manufacturing company, except that it handled the product in the states of Washington and Oregon; and that the ingredients from which Avenarius Carbolineum was manufactured were unknown to the respondent. It was also shown that the product used by the appellant was not purchased from the respondent, but was purchased from the Portland Seed Company, a company in Portland, Oregon, which also had the product on sale. It was also shown that the appellant purchased twelve gallons of Avenarius Carbolineum from the Portland Seed Company, but this Avenarius Carbolineum was contained in cans upon which there was no advertisement whatever; that, prior to the purchase of these twelve gallons from the Portland Seed Company, the appellant had purchased a one-gallon can from some firm in Vancouver, Washington, during the fall of 1915, and upon this one-gallon can was a statement to the effect that:

"Trunks of fruit trees painted with Avenarius Carbolineum will not be troubled with borers and will become healthier."

Before purchasing the twelve gallons, the appellant wrote a letter to the Portland Seed Company inquiring if Avenarius Carbolineum would kill borers and make fruit trees healthier, and thereupon purchased from the Portland Seed Company the Avenarius Carbolineum which was afterwards put upon the trees. There was evidence to the effect that the trees after-

wards died.   There was also evidence which tended to show that this preparation would kill borers and other insects that infect fruit trees, and that it had, in a number of cases, been beneficial when used upon trees.

If we may assume that there was sufficient evidence to go to the jury that the preparation which was purchased by appellant and used upon the prune orchard destroyed the trees, it is plain that this respondent was not liable therefor.   It was not shown that the Avenarius Carbolineum which was purchased by the appellant was sold by the respondent or was ever in its possession.   It is not claimed by the appellant that it was purchased from the respondent, and it is conclusively shown that respondent was not the manufacturer and had no connection with the manufacturers, and did not know the ingredients.   Respondent was simply an agent for the sale of the preparation, and so far as the record shows, the Portland Seed Company, from whom the appellant purchased, was likewise an agent.   The appellant relies upon the case of *Mazetti v. Armour & Co.*, 75 Wash. 622, 135 Pac. 633, Ann. Cas. 1915C 140, 48 L. R. A. (N. S.) 213.   In that case we said:

"It has been accepted as a general rule that a manufacturer is not liable to any person other than his immediate vendee; that the action is necessarily one upon an implied or express warranty, and that without privity of contract no suit can be maintained; that each purchaser must resort to his immediate vendor. To this rule, certain exceptions have been recognized: (1) Where the thing causing the injury is of a noxious or dangerous kind; (2) where the defendant has been guilty of fraud or deceit in passing off the article; (3) where the defendant has been negligent in some respect with reference to the sale or construction of a thing not imminently dangerous."

It is at once apparent that the *Mazetti* case does not sustain a recovery in this case, for this case does not fall within any one of the exceptions named there. The Avenarius Carbolineum is not shown to be of a noxious or dangerous kind. It was not shown that the respondent had been guilty of fraud or deceit in passing off the article, or that the respondent had sold, or ever had possession of, the article purchased by the appellant; and it was not shown that the respondent had been negligent in any respect with reference to the sale of the article purchased by the appellant and used upon his fruit trees. Not coming within any of these exceptions, the general rule must apply, that, where there is no privity of contract between the appellant and the respondent with reference to the sale of the Avenarius Carbolineum, no liability exists against the respondent.

We are satisfied, therefore, that the trial court properly directed a verdict in favor of the respondent.

The judgment must be affirmed.

MAIN, PARKER, FULLERTON, and HOLCOMB, JJ., concur.