[No. 16984. *En Banc.* December 27, 1922.]

Andrew Jolly et al., Appellants, v. C. E. Blackwell & Company, Respondent.[1]

Sales (102, 108)—Warranty—Descriptive Words—Implied Warranty of Fitness. There is an implied warranty that grain sold as spring seed rye will prove true to name.

Same (109)—Construction and Operation—Disclaimer. A warranty on the sale of personal property not running with the property, a disclaimer of warranty should not do so.

Sales (108, 114)—Warranty—Implied Warranty—Notice of Defect. In an action against a retailer for damages from breach of implied warranty, a written notice of disclaimer of warranty of grain sold as spring seed rye, attached to each sack by the wholesaler, does not avail the retailer who resold the same as spring seed rye, when it in fact was winter rye that would not raise a crop if sowed in the spring, since the disclaimer was by a stranger to the contract in suit.

Appeal from a judgment of the superior court for Okanogan county, Neal, J., entered November 29, 1921,

[1]Reported in 211 Pac. 748.

upon findings in favor of the defendant, in an action for breach of warranty, tried to the court. Reversed.

*P. D. Smith* and *W. C. Brown*, for appellants.

*Wm. O'Connor* and *J. D. Campbell*, for respondents.

HOLCOMB, J.—Appellants bought from respondent a quantity of seed rye, for spring seeding, amounting to about 2,500 pounds, requested by appellants to be, and represented by respondents would be, spring rye. Three deliveries were made, to wit: on March 17, March 20, and the last delivery of about 1,500 pounds on about April 10. The last delivery of about 1,500 pounds of rye came in sacks from the Spokane Seed Company, which were delivered by respondent unopened and in the original sacks received by it from the Spokane Seed Company, to appellants. All of the rye proved to be fall rye, and would not produce a crop when sown in the spring. The court found that ninety acres of ground were seeded by appellants with the rye so purchased from respondent, and that had it been spring rye it would have produced approximately eighty tons of hay, which would have been worth $16 a ton, less the cost of harvesting the same, which would have been not to exceed $4 per ton; and that, therefore, the plaintiffs were damaged in the sum of $960, on account of the seed not being spring rye.

Each and every sack from the Spokane Seed Company, of the 1,500 pounds of rye last delivered to appellants, had attached a card expressing in words, as follows:

"From Spokane Seed Company,
"906-8-10 First Ave., Spokane, Wash.
"The greatest care is exercised to have all goods true and reliable, but they are not warranted nor will any responsibility be assumed for any loss or damage

for failure of crop. If not accepted on these terms goods must be returned at once.''

On the inside of each bag was a like card, with the label and trade mark of the Spokane Seed Company in one corner, and in large type in the middle of each card the words ''Seed Rye,'' below that ''Spring,'' below that ''S. R. 30,'' and then the following clause:

''We give no warranty, express or implied, as to description, quality, productiveness, or other matter of any seeds, bulbs, nursery stock, roots or plants we send out, and will not be in any way responsible for the crop. If the purchaser does not accept the goods on these terms, they are at once to be returned.

''From Spokane Seed Co.,
''Spokane, Washington.''

There is not much dispute over the facts in this case, and less use for contesting as to any fact which may be slightly in conflict. The trial court held that, since the cards containing the disclaimer or notice of non-warranty were on and in each bag of seed sold and delivered to appellants, and that appellants read the cards and preserved them, there was no implied warranty and appellants were not entitled to recover. The trial court, in his opinion, stated that appellants knew that the grain was to come from the Spokane Seed Company, and that it was handled and delivered by respondent in the original bags which came to it from the Spokane Seed Company. It found, also, that appellants demanded spring rye for seeding purposes and it may be presumed that it was intended to seed only spring rye in the spring, and that respondent so understood. Respondent assured appellants, according to their evidence, that the rye which it would procure and sell to them would be spring rye. Whether or not it so assured them, upon the terms of the purchase, respondent undertook to furnish the seed

required and there would be an implied warranty that the grain purchased would prove true to name. Had respondent itself placed such disclaimer, or notice of non-warranty, on and in the bags, as was placed thereon and therein by the Spokane Seed Company, from whom it bought, there might be no question but that appellants must have taken the grain without any warranty that it would prove true to name. But appellants did not purchase from, or contract with, the Spokane Seed Company. They saw the label which said the rye was seed rye for spring. The seed was not defective in any respect except that it was fall rye instead of spring rye, and would not produce a crop when sown in the spring. This the appellants were unable to discover by an inspection. No disclaimer was made by respondent. The only disclaimer shown in the case is made by a stranger to the contract and to the suit.

Respondent contends that this case falls within the rule announced in *Seattle Seed Co. v. Fujimori*, 79 Wash. 123, 139 Pac. 866, where there was a similar disclaimer or notice of non-warranty placed in each bag of pea seed sold and delivered by the vendor. In that case, the notice of disclaimer was put in or on the bags by the vendor itself, and besides (and this was the principal feature of that decision) there was a written contract between the parties embodying the terms of the sale, without mentioning the description or quality of seed sold and to be delivered, which was sufficient for the decision in that case.

In other cases we have held that, where merchandise is sold by name or description, there is an implied contract that the goods will prove true to name. *Springfield Shingle Co. v. Edgecomb Mill Co.*, 52 Wash. 620, 101 Pac. 233, 35 L. R. A. (N. S.) 258; *Fuhrman v.*

*Interior Warehouse Co.,* 64 Wash. 159, 116 Pac. 666, 37 L. R. A. (N. S.) 89, sale of wheat for seed; *Kelly v. Lum,* 75 Wash. 135, 134 Pac. 819, 49 L. R. A. (N. S.) 1151, sale of nursery trees; *Ingalls v. Angell,* 76 Wash. 692, 137 Pac. 309, sale of nursery stock of a certain variety.

We have held that, a warranty on the sale of personal property not running with the property, an assignee of the purchaser cannot avail itself thereof as against the original seller, unless the assignee assumes the payment of the original purchase price, and the warranty is specifically assigned to the second purchaser. *Peregrine v. West Seattle State Bank,* 120 Wash. 653, 208 Pac. 35; 35 Cyc. 370; 24 R. C. L. 158. And since a specific warranty as to personal property cannot run with the thing itself, we see no reason why a disclaimer of warranty should run with the thing.

The supreme court of Mississippi, in a case which was extremely well briefed by both parties to the case, in *Grafton-Stamps Drug Co. v. Williams,* 105 Miss. 296, 62 South. 273, held:

"That the person from whom the seller had himself purchased the seed declined to warrant to him that it was true to name is immaterial, although this fact was known to the last purchaser; his warranty not being in any wise dependent upon the existence *vel non* of a warranty to the person from whom he himself purchased. At most, such a fact is only a circumstance, to be considered along with other evidence, if such there be, indicating that the last sale was made upon an express or implied agreement that no such warranty should result therefrom."

See notes to *Leonard Seed Co. v. Crary Canning Co.,* 37 L. R. A. (N. S.) 79; also notes to *Springfield Shingle Co. v. Edgecomb Mill Co., supra;* notes to *Meehan v. Ingalls,* 91 Wash. 86, 157 Pac. 217, Ann. Cas. 1918B

71; in Annotated Cases 1918B, commencing on page 75, and on Disclaimer of Warranty at page 80; *Rauth v. Southwest Warehouse Co.,* 158 Cal. 54, 109 Pac. 839; *Keeler v. Green,* 51 Mont. 42, 149 Pac. 286.

We are of the opinion, therefore, that the judgment should be reversed, and judgment entered for appellants for the amount found in the findings of fact by the trial court.

Reversed and remanded.

PARKER, C. J., MAIN, FULLERTON, BRIDGES, MACKINTOSH, MITCHELL, and PEMBERTON, JJ., concur.