[No. 20133. Department One. December 21, 1926.]

JOHN LIAN, *Respondent,* v. ALME HUGLEN, *Appellant.*[1]

[1] CONTRACTS (80)—AGREEMENT FOR BENEFIT OF THIRD PERSON—
RIGHTS ACQUIRED. A written promise to carry out an agreement
to give employment to certain fishermen may be enforced by the
parties for whose benefit it was made.

[2] SAME (161) — PERFORMANCE OR BREACH — EVIDENCE — ADMISSI-
BILITY. In an action for breach of a promise to give employment
to certain men it is immaterial, after showing the breach upon
due demand, to inquire whether defendant would have given the
men employment if they had come to him and asked for it.

Appeal from a judgment of the superior court for
King county, Griffiths, J., entered February 6, 1926,
upon the verdict of a jury in favor of the plaintiff, in
an action for damages for breach of contract. Affirmed.

*R. J. Boryer,* for appellant.

*Martin J. Lund,* for respondent.

MITCHELL, J.—John Lian and four others, including
Theo. Sunsby as foreman of a fishing crew, had fished
several years for the Eyak River Cannery in Alaska.
The same crew was employed about December, 1923,
or January, 1924, to fish at the same place during the
season of 1924, for the going wage. On March 6, 1924,
the defendant Alme Huglen bought the Eyak River
Cannery and equipment. It was then getting late in
the season for fishermen to get other employment of
that kind and, in order to protect those who had been

[1]Reported in 251 Pac. 585.

engaged by it, the cannery company, on making the sale to Huglen, took from him his written promise as follows:

"In consideration of the sale to me this day of the cannery and equipment of the Eyak River Packing Company, I agree to take over and carry out the following arrangement made by the company for operation during the coming season:

"To give employment to Theo. Sundsby and four men hired by him to fish at the Eyak River . . .

"Dated March 6th, 1924.    Alme Huglen."

Huglen shortly sold to another, who operated the cannery that year. Prior to going north for the fishing and canning season and, indeed, before the fishing crews for the cannery for that season were completed, Lian was identified clearly to both Huglen and his purchaser together that he was one of the Sunsby crew, and demanded that he be allowed to carry out his contract to fish that season. This was denied him. He tried to get employment at fishing for other canneries, but found they had arranged for all the fishermen they needed. He sought and obtained what other work he could get, and, after the season was over, sued Huglen for damages sustained by breach of the contract, allowing credit for what he had earned during the season. He received a verdict upon which judgment was entered, from which the defendant has appealed.

[1] The written promise of the appellant was available on behalf of the respondent, for whose benefit it was made, although respondent was not an immediate party to it. *Kelley v. Greenough*, 9 Wash. 659, 38 Pac. 158; *Johnson v. Shuey*, 40 Wash. 22, 82 Pac. 123.

The contract made by the appellant was admitted by him, and there was ample evidence to satisfy the jury that it was broken by him and that the respondent was damaged in the amount fixed in the verdict. There-

fore, appellant's motions during the trial and after the verdict for judgment to the contrary were properly denied.

Exceptions were taken to three of the instructions. Upon an examination of all of the instructions, we are satisfied that altogether they fairly and fully presented the issues and that there is no merit in the complaints made by the appellant with reference thereto.

Assignment number four is that the court refused to give a requested instruction. The assignment is in no way argued in the brief, nevertheless we have examined the proposed instruction and find that the substance of it was given by the court.

[2] Error is claimed because an objection was sustained to a question to the appellant by his attorney, the question being as follows: "Whether you would have given these men employment, if they had come to you and asked for employment?" The inquiry was immaterial, in our opinion. The respondent had testified that he had demanded in due time that the appellant carry out his promise made for the benefit of the respondent and that the appellant had refused to do so, and the appellant had already testified that the respondent did not make any demand on or application to him for work during the 1924 season as claimed by the respondent. That was the issue, and the matter involved in the question not allowed to be answered was immaterial, at least there was no prejudice in the ruling complained of.

Judgment affirmed.

TOLMAN, C. J., MAIN, FULLERTON, and HOLCOMB, JJ. concur.