[No. 24099.  Department Two.  November 30, 1932.]

THE CITY OF TACOMA, *Appellant*, v. D. J. YOUNG, *as Receiver, Respondent.*[1]

*W. W. Mount, John E. Gallagher,* and *Bartlett Rummel,* for appellant.

*Neal & Bonneville,* for respondent.

[1]Reported in 16 P. (2d) 617.

MAIN, J.—This action was brought by the city of Tacoma for the purpose of attempting to impress a trust upon a fund in the possession of the receiver of the Cascade Paper Company. The cause was tried to the court without a jury, and resulted in findings of fact from which the court concluded that the city was not entitled to the relief sought. Judgment was entered allowing the city's claim as a general claim, but denying to it the right of preference claimed, and from this judgment the city appeals.

The facts essential to be stated are these: The Cascade Paper Company was a corporation which owned and operated a paper plant a few miles outside the city of Tacoma. The city owned and operated a plant for the creation and supplying of electric energy. In 1918, the city began to furnish to the paper company light and power, which was to be paid for at the end of each month. For a number of years, the city furnished electric energy to the amount of several thousand dollars per month. In the year 1927, the paper company began to fall behind in its payments for the electric energy supplied, in a more or less increasing amount, until, by the early part of 1929, it was more than twenty thousand dollars in arrears.

The paper company become insolvent, and one D. J. Young was appointed receiver therefor. At the time the receiver was appointed, the paper company owed the city for electric energy furnished, and for which payment had not been made, the sum of $24,913.95. On or about May 21, 1931, the property of the paper company was, by the receiver, sold to one W. L. Raymond for the sum of $76,625, and the sale was approved by the court. The bid upon which the receiver sold the property contained this condition:

"That from the moneys to be paid under Bid No. 1 there be held intact by said receiver a sum sufficient

to pay in full the claim of the city of Tacoma, Washington, for power furnished by it to said Cascade Paper Company, such sum to be released by said receiver only upon receipt by him of (a) a release, in form satisfactory to the bidder, by said City of Tacoma of any claim that it can refuse to furnish power to said premises covered by Bid No. 1 on account of delay in payment or failure to pay in full by said Cascade Paper Company of said claim for power, or (b) a certified copy of judgment by a court of competent jurisdiction that said City of Tacoma cannot refuse to furnish power to such premises for such reason, accompanied by sufficient proof that time to appeal from such judgment has expired and that no appeal has been taken.''

The city took the position that the fund derived from the sale was impressed with a trust for its benefit to the full amount of its claim.

The first question is whether the city was entitled to a preference and thereby have its claim paid in full. This depends upon whether the money paid to the receiver under the terms of the bid of the purchaser was impressed with a trust in favor of the city. The rule is that, where money or property is delivered to a person, to be paid by him or to be delivered over for the benefit of a third person, a trust will arise from the transaction in favor of the beneficiary by operation of law, even though there be no express agreement to that effect, and such third person may maintain an action therefor in his own name. 26 R. C. L. 1200. *National Bank v. Grand Lodge,* 98 U. S. 123; *Lian v. Huglen,* 141 Wash. 369, 251 Pac. 585; *Zioncheck v. Hepden,* 144 Wash. 272, 257 Pac. 835.

The question then is whether by the terms of the bid, in the case now before us, a trust fund was created in favor of the city to the full amount of its claim; and this depends upon the conditions of the bid upon which the property was sold and the sale

approved by the court. As above set out, the bid contained the condition that, from the moneys paid thereunder, there was to be held intact by the receiver a sum sufficient to pay in full the claim of the city, and such sum was not to be released except on receipt by the receiver (a) of a release by the city of any claim that it could refuse to furnish power to the premises covered by the bid on account of delay in the payment or failure to pay in full by the Cascade Paper Company of its claim for power, or (b) a certified copy of a judgment by a court of competent jurisdiction that the city could not refuse to furnish power to such premises.

Before the city was entitled to have its claim paid in full, one or the other of these conditions, by the express terms of the bid, was to be satisfied. The bid does not provide that the money shall be paid over to the city except upon the conditions named, and it is only required that the receiver hold sufficient moneys intact to pay that claim, provided one or the other of the conditions should be satisfied. Neither of the conditions had been satisfied.

It clearly appears that the conditions upon which the bid was made were not for the benefit of the city, but for the benefit of the purchaser of the property. The purchaser was primarily interested in being able to acquire power for the purpose of the operation of the plant, and was desirous to make sure that the city would not exercise its right to discontinue or refuse to furnish power because any part of its claim should not be paid. The purchaser was undertaking to protect himself in the matter of the right to receive power, and did not pay to the receiver the purchase price of the property with the unqualified provision that the city's claim should be paid in full.

In *Horstmann Co. v. Waterman,* 103 Wash. 18, 173 Pac. 733, 1 A. L. R. 856, it was said:

"Our own early decisions may not be wholly harmonious upon the question of the right of a party to recover upon a contract to which he is not a party, but the following later decisions, we think, call for the conclusion, in harmony with the decisions above quoted from, that the guaranty contract of S. K. Waterman, entered into by her with Weiffenbach and the Lithocrete Company, was not intended for the benefit of respondent or other creditors of that company, but was for the exclusive benefit of Weiffenbach and the Lithocrete Company, and that, therefore, respondent cannot recover thereon, though it would be benefited by the performance of the obligations of S. K. Waterman thereunder: [Citing authorities].

"The two last cited cases show the disposition of the courts not to extend the doctrine here contended for by counsel for respondent to new and doubtful cases, and also to resolve doubts as to the intent of the parties executing a contract, against third parties claiming under it."

The city, by reason of the conditions in the bid of the purchaser in this case, neither of which was satisfied, was not entitled to the status of a preferred creditor, because the fund was not held unqualifiedly in trust for it.

The second question presented upon this appeal has been fully discussed and determined in the recent case of *McCormacks, Inc., v. Tacoma, ante* p. 103, 15 P. (2d) 688, and we here need only make reference to that case.

The city assigns a number of errors with reference to the findings of fact made by the trial court, and the refusal to make requested findings. But there was no error in this regard. The controlling facts are not in substantial dispute, and the facts, as found by the

trial court, are supported by the preponderance of the evidence.

The judgment will be affirmed.

TOLMAN, C. J., BEALS, HERMAN, and STEINERT, JJ., concur.