ALEXANDER SOKOLOSKI *vs.* JOSEPH SPLANN.

Franklin.    September 17, 1941. — March 30, 1942.

Present: FIELD, C.J., QUA, DOLAN, COX, & RONAN, JJ.

*Sale,* Warranty, Contract of sale. *Agency,* Scope of authority. *Evidence,* Relevancy and materiality. *Practice, Civil,* Appellate Division: report, appeal.

An Appellate Division having reviewed a refusal of a request for a ruling "on all the evidence" reported by a District Court judge, the propriety of the refusal was open in this court on appeal even if the requesting party would not have been entitled to a review as of right under Rule 27 of the District Courts (1940).

A report by a District Court judge of the refusal of a requested ruling that on all the evidence the defendant was entitled to a finding did not raise any question of pleading or variance, and the refusal should not be reversed if the evidence justified a finding for the plaintiff under any legal form of declaration.

Breach of an implied warranty of merchantability under G. L. (Ter. Ed.) c. 106, § 17 (2), could be found on evidence that corn sold as "good field corn" was, when grown, "ensilage corn" and "did not ripen as field corn would ripen."

In the absence of anything to show the contrary, a clerk in a store where. corn was sold to a customer had at least ostensible authority to make an implied warranty of its merchantability under G. L. (Ter. Ed.) c. 106, § 17 (2).

On a sale of corn by a storekeeper's clerk in its original, unbroken bag as put up by a dealer, on which appeared a statement that the dealer made no warranty of the corn, a finding was not required that the statement was included in the terms of the sale or that it negatived the authority of the clerk to make an implied warranty of merchantability.

Evidence, that a customer in a store told a clerk that he wanted "good field corn" and that the clerk gave him a bag of corn which the clerk stated was "good field corn," was material upon the issue whether there was a sale by description of which an implied warranty of merchantability was an incident under G. L. (Ter. Ed.) c. 106, § 17 (2).

CONTRACT. Writ in the District Court of Franklin dated October 16, 1940.

The action was heard by *McLaud*, J.

*W. A. Davenport*, for the defendant, submitted a brief.
*A. C. Sokoloski*, for the plaintiff.

FIELD, C.J. This is an action of contract brought in a District Court for breach of warranty of "corn seed" purchased by the plaintiff. The defendant was named in the writ as "Joseph Splann, doing business . . . under the name and style of the James D. Splann Estate." The answer was a general denial. A request by the defendant for a "ruling" that "on all the evidence the court find for the defendant" was denied; or, as elsewhere stated in the record, "the defendant made the following request for ruling: 'That, upon all the evidence, the defendant is entitled to a verdict,'" and the "court overruled said motion." Certain evidence, hereafter described, offered by the plaintiff was admitted. There was a general finding for the plaintiff but no special findings. The rulings of the judge denying the defendant's request and admitting evidence were reported to the Appellate Division. The report was dismissed and the defendant appealed.

There was evidence that on or about May 16, 1940, the plaintiff bought certain corn at a "store conducted under the name and style of 'James D. Splann Estate' in South Deerfield." There was evidence that the corn bought by

the plaintiff consisted of "twenty-eight pounds of corn, in its original, unbroken bag as put up, marked, and labelled by F. H. Woodruff & Sons, Inc.; that on said bag was printed the following: 'Woodruff Seeds F. H. Woodruff & Sons, Inc. Main Office Milford, Conn.' which said bag bore a tag, wired to its neck, on the face of which was the following statement: 'Field Corn 28 Lb. F. H. WOODRUFF & SONS, INC. Give no warranty, express or implied, as to description, quality, productiveness or any other matter of any seeds, bulbs or plants they send out, and they will not be in any way responsible for the crop. MILFORD, CONN.'" There was also evidence that the plaintiff paid for such corn "the sum of $3.30 in cash; that he planted said corn 'in rows'; that, when grown, it was 'ensilage corn' and did not ripen as 'field corn' would ripen; that he planted two acres of corn, using the corn purchased from said store as far as it would go, and estimated that 'about' one eighth of one of the acres was planted with other corn which he acquired from a relative; that the whole field of corn was hit by frost, in the latter part of August, but that the one eighth acre of field corn was not damaged." And there was other evidence as to damages.

The evidence as to the admission of which a question is presented was as follows: "The plaintiff was asked by his counsel to state the conversation which he had with a clerk in the store where he bought the corn and at the time he purchased it. Counsel for the defendant objected to the question and requested a report if the evidence were admitted. The court admitted the evidence and, thereupon, the plaintiff answered: 'I said, "I want good field corn, the kind you husk." Jack (the clerk) said he did not have any field corn. Later Jack said he had a bag of field corn that had been ordered for a man named Murphy, but as Murphy had not been around to take it, he (the plaintiff) might have it. He showed me one twenty-eight pound bag. He said "Good field corn." I said, "I take it."'"

It would seem that this is a case "admitting of specification of the grounds" upon which the request for a ruling "upon all the evidence" was based, so that under Rule 27

of the District Courts (1940) the defendant was not entitled to "review as of right" of the refusal of the defendant's request for a ruling; but the Appellate Division reviewed it, and consequently we review it on appeal. *Milmore* v. *Landau*, 307 Mass. 589, 590. The report of the refusal of this ruling, however, brings before us no question of pleading or of variance between allegations and proof. *Pacheco* v. *Medeiros*, 292 Mass. 416, 419. The request was not based upon the pleadings, and the denial thereof cannot be reversed "if the evidence was sufficient in any legal form of declaring to justify a finding for the plaintiff in any amount." *Patton* v. *DeViney*, 259 Mass. 100, 102. *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379, 384–385. This is true if the evidence justified a finding for the plaintiff against the defendant, however described (see *Trull* v. *Howland*, 10 Cush. 109, 112), upon either an express or an implied warranty.

In determining whether there was error in denying the defendant's request for a ruling on all the evidence, we consider only those matters with respect to which the defendant has argued that there was a lack of essential evidence. See *Commonwealth* v. *Dyer*, 243 Mass. 472, 508. The evidence warranted a finding that the plaintiff bought corn at a store of which the defendant was manager. The defendant does not contend that, within the meaning of the sales act, G. L. (Ter. Ed.) c. 106, he was not the "seller" of the corn of which the plaintiff was the "buyer."

The plaintiff relies particularly on the ground that there was a breach of an implied warranty of merchantability, under G. L. (Ter. Ed.) c. 106, § 17 (2), providing that "Where the goods are bought by description from a seller who deals in goods of that description . . . there is an implied warranty that they shall be of merchantable quality." The substance of this warranty is that the goods sold shall be "merchantable under the name by which they are described." *W. R. Grace & Co.* v. *National Wholesale Grocery Co. Inc.* 251 Mass. 251, 254. See also *Inter-State Grocer Co.* v. *George William Bentley Co.* 214 Mass. 227, 231; *Botti* v. *Venice Grocery Co.* 309 Mass. 450, 454–455. And

see *Murchie* v. *Cornell*, 155 Mass. 60, 63. The plaintiff contends that he bought "field corn" by description, but that the corn delivered to him was "ensilage corn." The evidence, apart from that admitted over objection, tended to show that the plaintiff bought "field corn" by description. Moreover, the evidence admitted over the defendant's objection tended to show more specifically that the plaintiff bought "field corn, the kind you husk," by description. And it is not contended by the defendant that the words "field corn" do not mean "seed corn." The defendant contends, however, in substance, that the evidence did not justify a finding that the corn delivered was not "field corn" of a merchantable quality. There was evidence that the corn delivered to the plaintiff was "when grown . . . 'ensilage corn' and did not ripen as 'field corn' would ripen." But the defendant argues that, as seed, there is no difference between "field corn" and "ensilage corn," and that the difference between "field corn" and "ensilage corn" is merely in the nature of the crop, resulting from the method of planting. However, the evidence in the present case tending to show that there is a difference as seed between "field corn" and "ensilage corn" is not in such conflict with facts that are matters of common knowledge that it could not have been believed. *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379, 384. And it could have been found, on the evidence that the corn delivered to the plaintiff "when grown . . . was 'ensilage corn' and did not ripen as 'field corn' would ripen," that the corn delivered to the plaintiff was not "field corn" of merchantable quality under that name. If there was an implied warranty of merchantability of the corn sold, a finding that there was a breach of the warranty was justified.

The defendant contends, however, particularly in connection with the matter of the admissibility of the evidence admitted over objection, that the circumstances of the sale were not such as to justify the finding of a warranty. The defendant relies particularly upon lack of authority of the clerk impliedly to warrant the corn. However, the evidence tended to show that the person with whom the

plaintiff traded was a clerk in the store at which, according to the other evidence, the plaintiff bought the corn, and that the clerk had ostensible, if not actual, authority to sell the corn. See *Sweeney* v. *F. W. Woolworth Co.* 247 Mass. 277, 279; *Denny* v. *Riverbank Court Hotel Co.* 282 Mass. 176, 179, and cases cited; Am. Law Inst. Restatement: Agency, § 49. The defendant makes no contention — apart from the admissibility of the evidence — to the contrary. And authority to warrant impliedly that the corn conformed to the description and was merchantable under that description was an incident of the clerk's authority to sell the corn, in the absence of anything nega- tiving such authority. *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379, 383. Am. Law Inst. Restatement: Agency, § 63. Consequently, independent evidence of such authority was not required. And there was nothing in the evidence necessarily negativing authority in the clerk impliedly to warrant the merchantability of the corn as an incident of the sale thereof. The defendant on this aspect of the case relies on the statement relating to warranties on the bag containing the corn. The statement, however, purported to be the statement of F. H. Woodruff & Sons, Inc., which, so far as appears, was a stranger to the sale of the corn to the plaintiff and is not a party to this action. The evidence did not require a finding that the defendant adopted the statement or that it was incorporated in the terms of the sale of the corn. See *Grafton-Stamps Drug Co.* v. *Williams,* 105 Miss. 296, 312; *Jolly* v. *C. E. Blackwell & Co.* 122 Wash. 620, 621–622, 624. A finding for the plaintiff that there was an implied warranty of merchantability, there- fore, was not precluded on the ground of lack of authority of the clerk to sell the corn with such an implied warranty incidental thereto. The defendant properly does not con- tend that there was no implied warranty of merchant- ability on the ground that the sale was not for the purpose of resale. *Country Club Soda Co. Inc.* v. *Arbuckle,* 279 Mass. 121, 128. *Botti* v. *Venice Grocery Co.* 309 Mass. 450, 456. *Ryan* v. *Progressive Grocery Stores, Inc.* 255 N. Y. 388, 394–395. See also *Weiner* v. *D. A. Schulte, Inc.* 275

Mass. 379, 383; *Agoos Kid Co. Inc.* v. *Blumenthal Import Corp.* 282 Mass. 1, 6–9. Compare, however, *Raymond Syndicate, Inc.* v. *American Radio & Research Corp.* 263 Mass. 147, 154. The principles herein stated are applicable to sales of seeds by description. See *Rocky Mountain Seed Co.* v. *Knorr,* 92 Colo. 320, 323–324; *Hobdy & Read* v. *Siddens,* 198 Ky. 195, 201; *Grafton-Stamps Drug Co.* v. *Williams,* 105 Miss. 296, 312; *Parrish* v. *Kotthoff,* 128 Ore. 529, 532–533, 535–536; *Jolly* v. *C. E. Blackwell & Co.* 122 Wash. 620, 623–624.

The evidence objected to was admitted rightly, for reasons that, in general, have already been indicated. This evidence tended to show the circumstances in which the sale was made, including the fact that the sale was made by a clerk. The words attributed to the clerk were not objectionable as hearsay. They were not offered to prove the truth of any fact stated by the clerk. They constituted a part of the transaction of sale tending to show that the sale was by description. They were material to the issue whether there was a sale by description of which an implied warranty of merchantability is an incident. See *Elliott* v. *Stoddard,* 98 Mass. 145. The statements had no bearing upon the authority of the clerk, actual or ostensible, to make such a sale, which, as already stated, could be inferred from evidence apart from these statements. Obviously, since the statements had no bearing upon the clerk's authority, they were not objectionable as admissions of agency by the clerk unauthorized by his principal. See *DuBois* v. *Powdrell,* 271 Mass. 394, 397. Since the evidence was admissible on the grounds stated, it is unnecessary to consider whether the statement of the clerk that the corn was "Good field corn" would have been admissible, without independent evidence of agency, to prove an express warranty. So far as appears, there was no attempt to limit the application of this evidence, and, moreover, the admission of the evidence of this statement, even if it could be regarded as an express warranty, was not prejudicial to the defendant on the issue whether there was an implied warranty of merchantability — the ground upon which the case is decided.

No question with respect to damages is presented by the report.

Since, considered as an action for breach of an implied warranty of merchantability, no error is shown in the refusal of the requested ruling upon the sufficiency of the evidence, it is unnecessary to consider whether the evidence would be sufficient to sustain a finding for the plaintiff on the ground of an implied warranty of fitness (see G. L. [Ter. Ed.] c. 106, § 17 [5]) or of an express warranty. See G. L. (Ter. Ed.) c. 106, § 17 (6); *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379, 383.

*Order dismissing report affirmed.*