[No. 31755. Department Two. January 3, 1952.]

SIDNEY F. JEFFERY, *Respondent and Cross-appellant,* v.
ETHEL M. HANSON, *as Executrix, et al., Cross-respondents,* VIRGIL J. PAGUE *et al.,*
*Appellants.*[1]

*Everett O. Butts,* for appellants.

*Bayley, Fite, Westberg, Madden & Goodin,* for respondent and cross-appellant.

*Lewis A. Bell,* for cross-respondents.

[1]Reported in 239 P. (2d) 346.

OLSON, J.—This appeal and cross-appeal are from a judgment entered, after a trial to the court, in an action for damages for breach of an express warranty.

We will refer to appellants as Pague, to the respondent and cross-appellant as Jeffery, and to the cross-respondents as Crescent. All these parties are dealers in heavy automotive equipment—Jeffery in Penticton, British Columbia, Canada, Crescent and Pague in Everett and Seattle, Washington, respectively.

To establish the facts of this case, we have considered Pague's attack upon the findings of fact made by the trial court. We are unable to say that they are contrary to the weight of the evidence. We, therefore, approve them and use them as the source of the following factual statement.

Before the transaction in issue, Crescent had supplied Jeffery with trucks for resale to his customers. Having a prospective buyer for a caterpillar tractor, he asked Crescent to search for one. Crescent found that Pague had such a tractor for sale. Its purchase was discussed with Jeffery by Crescent and Pague in a telephone conversation. Jeffery then agreed to buy it, if it were warranted to be ninety per cent new and never to have been used in salt water. Both Crescent and Pague assured him, in that conversation, that the warranty he desired would be made by Pague. The latter knew that Crescent was purchasing the tractor for sale to Jeffery only, and that the warranty was for the benefit of and to be delivered to Jeffery by Crescent. He also knew that neither Crescent nor Jeffery would proceed with the transaction unless Jeffery received the required warranty. Consequently, immediately after the telephone conversation, and as part of the transaction, Pague signed the following statement:

"February 13, 1948

"Crescent Automotive Service
1919 Everett Avenue
Everett, Washington
Gentlemen:

I hereby make statement that TD 14 International Bulldozer, Serial TDF 7173 is 90% new and has never been in

salt water. I make this statement based upon facts given to me by the seller from whom I purchased this bulldozer and to the best of my knowledge believe that this statement is true.

Very truly yours,
VIRGIL'S AUTOMOTIVE SERVICE
[Signed] Virgil J. Pague
Virgil J. Pague, owner

Subscribed and sworn to before me this thirteenth day of February, 1948.

[Signed] Allison M. Cox
Allison M. Cox

[Notarial seal.]
Notary public for state of Washington, residing in King County at Seattle."

Pague delivered this document and a bill of sale of the tractor to Crescent, who then paid him for the caterpillar. It was shipped to Jeffery at Oroville, Washington. When Crescent delivered it and Pague's written statement to Jeffery, he accepted and relied upon the warranty as that of Pague and not of Crescent, and paid Crescent for the tractor.

Jeffery sold the tractor to his customer, who used it a short time when it broke down and was returned to Jeffery. The tractor was not as warranted when delivered to Jeffery, and was not so after he had it repaired.

The court concluded that the document is a warranty and that it was breached at the time of the delivery of the tractor to Jeffery; that Crescent did not adopt or assume the warranty; that the warranty was for Jeffery, and that he should recover against Pague for the breach. Jeffery was awarded judgment against Pague in the agreed amount of his repair bills, and the action against Crescent was dismissed.

Pague would have us hold that these facts do not support the judgment for several reasons, the first of which is that the document quoted is not a warranty. We conclude that it is. It is a positive statement of the condition of the tractor, from which Pague cannot escape by relying upon its language to the effect that it was based upon facts

given to him by his vendor, and that he believed it to be true to the best of his knowledge. The source of his information is not material. He affirmed a fact regarding the equipment, and he did so to meet the requirements Jeffery made of him before the sale. It was not sales talk or an expression of his opinion, nor was it intended to be. It tended to and did induce the sale, and Jeffery relied upon it as Pague knew he would. It meets the requirements of an express warranty set forth in the statute, Rem. Rev. Stat., § 5836-12 [P.P.C. § 860-3]:

"Any affirmation of fact or any promise by the seller relating to the goods is an express warranty if the natural tendency of such affirmation or promise is to induce the buyer to purchase the goods, and if the buyer purchases the goods relying thereon. No affirmation of the value of the goods, nor any statement purporting to be a statement of the seller's opinion only shall be construed as a warranty."

Pague also contends that the general rule is that an action on express warranties lies only between the vendor and his immediate vendee, in case of a series of sales and resales, and cannot be extended further except against a manufacturer of food, as was the case in *Mazetti v. Armour & Co.*, 75 Wash. 622, 135 Pac. 633 (1913), discussed in *Dobbin v. Pacific Coast Coal Co.*, 25 Wn. (2d) 190, 196, 170 P. (2d) 642 (1946). The liability in the food cases is often in tort or may be rested upon an implied warranty of fitness for the purpose for which the goods are sold. The rule generally applicable to manufacturers and dealers is not in point here because of the contractual relationship of the parties, which we will summarize later. Pague also cites *Peregrine v. West Seattle State Bank*, 120 Wash. 653, 208 Pac. 35 (1922), and *Cochran v. McDonald*, 23 Wn. (2d) 348, 161 P. (2d) 305 (1945), in support of his further contention that a warranty is only actionable by the one to whom it is expressly given, unless there is an express assignment of the cause of action.

In the *Peregrine* case, the warrantors each made a separate and successive warranty of title to his respective vendee, a factual situation different from that in this case. The

*Cochran* case pertains to the warranty of a manufacturer and the liability of its vendee thereon to a purchaser from the vendee, which is not our case.

Here Pague knew of Crescent's customer and made the warranty in compliance with the demand of that customer. By his promise, he intended to assume and did assume the duty to make restitution to the customer, Jeffery, if the tractor was not as warranted. Consideration for this promise is found in the purchase of the tractor by Crescent, who intended that performance beneficial to Jeffery be rendered by Pague, its promisor. Jeffery thus became the beneficiary of the promise of Pague. As the beneficiary of the contract, Jeffery's action lies directly against Pague for breach of this contractual duty. *Lian v. Huglen,* 141 Wash. 369, 251 Pac. 585 (1926). See 1 Restatement of the Law of Contracts 152, 159, 167, §§ 133 (1) (b), 136 (1) (a), 141 (1).

Counsel agreed upon the amount of the repair bills paid by Jeffery, by which his damages were measured. The record discloses no objection in the trial court to this basis for the assessment of damages. Counsel mentions it in his brief in this court, but has not assigned it as error. It is not before us for consideration, nor are any of the rulings of the trial court upon the admissibility of any of the evidence. Rule on Appeal 43, 34A Wn. (2d) 47.

The cross-appeal of Jeffery is urged only in the event Pague's appeal is successful, so it need not be considered.

The judgment is affirmed.

SCHWELLENBACH, C. J., HILL, HAMLEY, and FINLEY, JJ., concur.