ABRAHAM M. SHANKMAN & another *vs.* ROSE LEAVITT & another.

Suffolk. November 28, 1927.— March 1, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Equity Jurisdiction,* Specific performance. *Mortgage,* Of real estate. *Agency,* Existence of relation. *Deed,* Acceptance. *Contract,* What constitutes.

At the hearing of a suit in equity, against two defendants for specific performance of an agreement between the plaintiff and the first defendant, a woman, requiring the discharge of a mortgage of real estate upon the delivery of a deed of certain other real estate to the defendants, there was evidence that the mortgage originally was drawn for delivery to the first defendant, who was to be payee of the note, and that it contained a provision that "the grantee for herself, her heirs and assigns" agreed to accept the deed of the other real estate and thereupon to discharge the mortgage; that the first defendant owed a sum of money to the second defendant, and that at the second defendant's request, by direction of the husband of the first defendant and with acquiescence of the plaintiff, the mortgage note was made payable to the second defendant and he was made grantee of the mortgage, but its language with respect to the discharge was not changed; that the second defendant never saw the agreement between the plaintiff and the defendant and did not know of its provisions; and that at the time of the transaction he did not have ·in his possession either the mortgage or the mortgage note. The judge ordered the bill dismissed. *Held,* that

(1) A finding was warranted that the second defendant did not authorize the defendant's husband to act for him and did not authorize that part of the mortgage relating to discharge on receiving a deed of other property;

(2) The second defendant did not, by accepting the mortgage, become bound by such provision relating to discharge;

(3) The bill properly was dismissed as to the second defendant;

(4) Since consent of the second defendant was necessary to specific performance of the agreement by the first defendant, and such consent could not be procured, it was proper to dismiss the bill as to the first defendant.

BILL IN EQUITY, filed in the Superior Court on July 17, 1923, by Abraham M. Shankman and Rose Richmond against Rose Leavitt and Samuel A. Nussinow. The allegations and prayers of the bill are described in the opinion. The relief sought from the defendant Leavitt, other than damages, was, that the court order her to perform her agreement with the plaintiff "particularly that part of said agreement relative to accepting conveyance of premises 52 Spruce Street, Chelsea, and to discharging of said third mortgage upon said Central Avenue premises."

The defendant Leavitt demurred. The demurrer was heard by *Hammond*, J., and was overruled. The defendant Leavitt appealed.

The suit then was heard by *O'Connell*, J., a stenographer having been appointed under G. L. c. 214, § 24, Equity Rule 35 (1905), to take the evidence. Material facts found by the judge are stated in the opinion. By his order a final decree was entered dismissing the bill and directing that the plaintiff pay costs to the defendant Nussinow. The plaintiffs appealed.

*F. L. Simpson*, for the plaintiff Richmond.

*M. M. Horblit*, (*R. Harpel* with him,) for the defendant Leavitt.

CROSBY, J. This is a bill for specific performance of a written agreement to purchase real estate; to restrain the foreclosure of a third mortgage for $1,300; for a decree ordering that the mortgage and the note secured thereby be discharged, and that the defendants be ordered to pay the plaintiff the sum of $700 upon the execution and delivery

to the defendant of a deed in accordance with the agreement; and that damages be decreed to the plaintiff. The last prayer for relief, not having been argued, need not be considered.

By agreement dated December 23, 1922, the defendant Rose Leavitt, party of the first part, was to sell, and the plaintiff Rose Richmond, party of the second part, was to purchase the real estate therein described. The party of the second part agreed to pay $12,500 as follows: $5,000 by the assumption of the first mortgage thereon; $2,400 by the assumption of the second mortgage thereon; $3,000 by delivery of a quitclaim deed, by said party of the second part to said party of the first part, of a three story brick dwelling house numbered 48 Spruce Street in Chelsea; $1,000 was to be paid in cash, "of which amount $300. have been paid this day and $700. are to be paid in cash upon the delivery of the said deed, and the remainder is to be paid by the note of the party of the second part . . . and secured by a power of sale mortgage in the usual form, upon the said premises . . . ." The agreement also provided as follows: "It is further agreed that if the party of the second part will procure a good and sufficient Quitclaim Deed to estate #52 Spruce Street, Chelsea, and deliver same to said party of the first part in or within six months from the date of passing papers, said party of the first part will accept said deed and as consideration therefor pay to said party of the second part the sum of $2,000. therefor by discharging the present third mortgage of $1100. without charge to said party of the second part, and paying the balance of $900. in cash at the time of passing papers thereon."

The bill alleges that, on January 10, 1923, the plaintiff Shankman conveyed the property numbered 48 Spruce Street to one Jennie Rossman at the request of the defendant Leavitt, and Leavitt conveyed to the plaintiff Shankman at the request of the plaintiff Richmond, certain premises on Central Avenue, in Chelsea, subject to a first and second mortgage; that on the same day Shankman executed and delivered to the defendant Nussinow his note for $1,300 secured by a third mortgage on the premises, which provided that "if

the grantor, his heirs or assigns, shall obtain quitclaim deed
to estate known as 52 Spruce Street, Chelsea,. Massachu-
setts, within six months from the date of said mortgage the
grantee would accept said deed and as consideration thereof
pay to said grantor, his heirs or assigns, the sum of $2000
by payment in manner following, namely: by discharging
said mortgage of $1300 without expense to grantor and in
addition thereto by paying to said grantor the remaining
$700 in cash at the time of delivery of such deed." The bill
further alleges that "within the period of six months follow-
ing said January 10, 1923 said plaintiffs tendered to said
defendants quitclaim deed of said premises 52 Spruce Street,
Chelsea, conveying title to said premises 52 Spruce Street
and requested of defendants the discharge of the said mort-
gage for $1300 to Nussinow and the payment of the sum of
$700; and that the said defendants have failed, neglected
and refused in violation of the provisions of said third mort-
gage and of said agreement dated December 23, 1922 . . ."
so to do.

The mortgage from Shankman to Nussinow, above re-
ferred to, contains the following provision: "In the event
that said Grantor, his heirs or assigns shall obtain Quitclaim
Deed to estate known as 52 Spruce Street, Chelsea, within
six months from the date hereof, the grantee for herself,
her heirs and assigns hereby agrees to accept said deed and
as consideration therefor pay to the said Grantor his heirs
or assigns the sum of two thousand dollars ($2,000) by pay-
ment in manner as follows viz: — by discharging the within
mortgage of thirteen hundred dollars ($1300.) without ex-
pense to the Grantor his heirs or assigns and in addition
thereto by paying to said Grantor the remaining seven
hundred dollars ($700) in cash at the time of the delivery
of such deed." The note which the mortgage was given
to secure is in the usual form and contains no reference to
the above recited provision in the mortgage.

Mrs. Evelyn R. Levine, an attorney at law and daughter
of the plaintiff Rose Richmond, testified that she drafted
the mortgage and note to the defendant Rose Leavitt as
mortgagee; and that at the registry of deeds, at the request

of William Leavitt, the defendant's husband, the name of
the defendant Nussinow was substituted as mortgagee on
the note secured by the third mortgage and also in the mort-
gage.   This witness further testified that she did not at any
time talk with Nussinow about the third mortgage.

Rose Richmond testified that she never saw or spoke to
Nussinow until she met him in court at the hearing in the
present case.   Nussinow testified that he never saw the agree-
ment before referred to; that he did not remember the plain-
tiff's counsel telling him about a provision in the third
mortgage relating to the Spruce Street property; that he did
not at that time have the mortgage in his possession; that
before he got the mortgage note and before January 10, 1923,
William Leavitt came to see him and told him that he (Leav-
itt) had arranged to sell the Central Avenue property; that
at that time there was due Nussinow on the second mortgage
held by him $200; that at that time he arranged to buy
the third mortgage and deducted from the amount of the
mortgage $200 and a charge for overdue interest on the
second mortgage; that he gave Leavitt checks for the bal-
ance of the $1,300; that he received the mortgage note about
two days after January 10, 1923, but did not receive the
mortgage before the filing of the bill.

Rose Leavitt demurred to the bill, assigning as grounds
of demurrer want of equity, misjoinder of parties, and mul-
tifariousness.   The demurrer was overruled and this de-
fendant appealed.

The case was afterward tried on the merits; the trial judge
made certain findings of fact and ordered that a decree be
entered dismissing the bill.   The case is before this court on
the appeals of the plaintiffs from this order and from a final
decree dismissing the bill and ordering that costs be paid
to the defendant Nussinow.

The trial judge made the following and other findings:
"I find that said Nussinow, at the time of the execution and
delivery of the note and mortgage last referred to, did not
know the contents of and had not seen the agreement in
writing mentioned in paragraph five of said bill, entered into
between Rose Leavitt and William Leavitt and Rose Rich-

mond and did not in any way assent to the same. I find
this agreement to have been duly executed and delivered
between said Rose and William Leavitt and said Rose Rich-
mond. I find that said Leavitts or William Leavitt prior
to the execution of said note and mortgage was indebted to
said Nussinow and that for a discharge of said indebtedness
and for further additional advances of money subsequently
paid by Nussinow agreed that said Nussinow should be
named as grantee in said mortgage and as payee in said
note. I find that when the various instruments referred to
above were executed at the request of William Leavitt and
with Rose Leavitt's knowledge and approval and in pur-
suance of the said agreement said Nussinow was made the
grantee in said mortgage and the payee in said note and that
the note was subsequently delivered to said Nussinow and
the mortgage duly recorded. I find that said Rose Leavitt
has no interest, legal or equitable in said mortgage and note."
He further found that Nussinow was not present at the ex-
ecution and delivery of the mortgage and did not know its
contents and especially did not know, until long after he
became the owner of the same, of the provision therein with
reference to the Spruce Street property; that such provision
was inserted in the mortgage without any arrangement,
understanding or agreement therefor on the part of Nussi-
now with Leavitt or any other person.

Upon an examination of the entire evidence, which is
reported, it is plain that the findings are not without evidence
to support them. The finding, that the provision in refer-
ence to the Spruce Street property was inserted without the
knowledge or assent on the part of Nussinow with Leavitt
or any other person, is in effect a finding that Leavitt was not
the agent of Nussinow for the purpose of inserting the pro-
vision in the mortgage. From the entire evidence and the
recital in the mortgage that the grantee "for herself, her
heirs and assigns" agrees to accept a deed of the Spruce
Street property, it is plain that Leavitt originally intended
the mortgage should be made to his wife, and it was so
originally drawn with that intention in mind. Nussinow,
not having seen the agreement respecting the Spruce Street

property and having no knowledge of its contents, insisted that the note be made direct to him. At that time Leavitt was indebted to Nussinow and the latter held a second mortgage on the Central Avenue property. These facts and the conversation between the parties show that they were dealing at arm's length and that Leavitt was not acting for Nussinow. When the papers were passed the third mortgage was made to Nussinow as he had requested, but the provision with reference to the Spruce Street property, as was found, was never authorized by him. This finding is strengthened by the further finding that Nussinow never saw the agreement of December 23, 1922, between the defendant Leavitt and the plaintiff Richmond, and "did not in any way assent to the same.'

The finding in effect that Leavitt was not the agent of Nussinow must stand. The contention of the plaintiffs that, even if such agency was not shown, Nussinow was bound by the terms of the mortgage, is not well founded. All the cases cited in support of that contention, which need not be reviewed, are distinguishable in their facts from those found in the case at bar. *Lappen* v. *Gill*, 129 Mass. 349, and *Braman* v. *Dowse*, 12 Cush. 227, where it was held that, if the grantee of a deed containing a provision that the grantee assumed an existing mortgage, accepted the grant, a promise was implied in law to pay it, are not applicable. In the present case Nussinow took the mortgage "subject to" the first and second mortgages. When, however, instead of assuming the mortgage the grantee merely takes subject thereto, the rule is different. *Fiske* v. *Tolman*, 124 Mass. 254. In the Lappen and Braman cases the promise ran from the actual grantee under the instrument where the provision was found, while in the present case the promise is by "the grantee for herself, her heirs" evidently referring to a woman, who without doubt was Mrs. Leavitt and not Nussinow.

It is manifest that this provision was inserted before the meeting was held for the passing of papers and at a time when all the parties except Nussinow understood that the mortgage was to run to Mrs. Leavitt. The finding that Nussinow is not bound by the provision in the mortgage relating to the Spruce

Street property and that he is not liable under the agreement to which he was not a party was justified by the evidence. No relief can be granted against Nussinow, who holds the note and third mortgage. The defendant Rose Leavitt cannot be required to perform the agreement and discharge the note and third mortgage, in neither of which she has any interest, both being exclusively and solely owned by Nussinow.

Specific performance will not be decreed where the ability to perform by the person against whom the decree runs depends upon the consent of a third person. It was said in *Ellis* v. *Small*, 209 Mass. 147, at pages 149, 150, where the plaintiffs sought to have a written lease assigned, "But we think that the covenant not to assign except with the written consent of the lessor, which is wanting, constitutes an insuperable objection to granting the relief sought." In such circumstances equity will not enforce specific performance. *Sears* v. *Boston*, 16 Pick. 357. *Milkman* v. *Ordway*, 106 Mass. 232. *Wentworth* v. *Manhattan Market Co.* 216 Mass. 374. *Seretto* v. *Schell*, 247 Mass. 173. *Buckley* v. *Meer*, 251 Mass. 23, 25. *Kennedy* v. *Hazelton*, 128 U. S. 667, 671. *Burgin* v. *Sugg*, 204 Ala. 270. Pomeroy's Specific Performance of Contracts, § 295 and cases cited in note.

It is evident from the warrantable findings of the trial judge that the defendant Leavitt is incapable of surrendering the note or discharging the mortgage, and for that reason the bill cannot be maintained against her. In view of this conclusion it is unnecessary to consider her contention that the knowledge of the plaintiffs of her incapacity to perform is a bar to equitable relief. *Milkman* v. *Ordway, supra. Kennedy* v. *Hazelton, supra. Morss* v. *Elmendorf*, 11 Paige, 277. Nor need we consider her further contention that the plaintiffs, by assenting to the mortgage being made to Nussinow without any arrangement with him that it be subject to the previous agreement, waived their rights under the contract, and are now estopped to compel the defendant Leavitt to perform the agreement. *Boyden* v. *Hill*, 198 Mass. 477. See *Suburban Land Co. Inc.* v. *Brown*, 237 Mass. 166, 168.

*Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 144.   *Weinstein* v. *Miller*, 249 Mass. 516, 520.

As the bill was rightly dismissed on the merits, it is unnecessary to consider the questions raised by the demurrer.

*Order affirmed.*

*Decree affirmed.*