MAURICE L. KATZ, trustee in bankruptcy, *vs.* STEPHEN MAZURKIEWICZ & another.

Worcester.    September 22, 1930. — October 3, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Sale. Contract,* What constitutes. *Registered Bottles. Practice, Civil,* Variance.

In an action in a district court for breach by the defendant of a contract to purchase bottles and other miscellaneous materials from the plaintiff, the trial judge found that the plaintiff alone signed a writing stating that he "hereby consent[s] to sell and dispose of" such goods, and containing the names of the plaintiff and of the defendant, a description of the goods, the quantity, the price, the time and place of delivery, and the terms of payment; that the defendant made a payment on account of the purchase price; and that he thereafter failed to accept the goods. There was no evidence that any "discussions" preceded or resulted in the writing. The judge found for the plaintiff. *Held,* that

(1) The finding for the plaintiff indicated that the trial judge must have found that the plaintiff made an offer to the defendant in the terms set out in the writing, that the defendant expressed his assent by the payment made and that he agreed to receive and pay for the goods described in accordance with those terms;

(2) If the writing expressed the terms of an offer by the plaintiff and

an acceptance by the defendant, it was not invalid in its inception for want of mutuality of obligation;

 (3) On the evidence, there was no error in a refusal to give a ruling requested by the defendant that "as a matter of law discussions resulting in a sketch or memo such as was disclosed does not constitute a contract";

 (4) A finding, that the parties made a valid contract, and the general finding for the plaintiff were warranted.

No violation of G. L. c. 110, §§ 17–19 was shown in the action above described with regard to certain of the bottles which were "Whistle" bottles, there being no evidence showing a registration of the bottles in the manner required by § 17, nor evidence that they were used or intended to be used by the plaintiff or defendant as containers of beverages other than "Whistle" products.

A variance, as to the time when payment was required of the defendant under the contract above described, between an alleged copy of the writing attached to the plaintiff's declaration and the writing itself, which was introduced in evidence, was immaterial in the determination of the general question of the defendant's liability as well as of requests of the defendant for specific rulings not relating to that issue.

CONTRACT. Writ in the Central District Court of Worcester dated October 27, 1928.

The pleadings are described in the opinion. The alleged copy of the memorandum attached to the declaration provided, with respect to the times of payment by the defendants, "we are selling to the Worcester Soda Company for the price of $1550, and we acknowledge hereby the payment of $100, the balance to be paid $1000 upon delivery of the goods, and $450 to be settled by a note payable in 15 days." The defendants did not plead the statute of frauds. Material facts found by the judge of the District Court and rulings requested by the defendants and refused by him are stated in the opinion. He found for the plaintiff in the sum of $350. A report to the Appellate Division for the Western District was ordered dismissed. The defendants appealed.

*H. J. Meleski,* for the defendants.

*M. L. Katz,* for the plaintiff.

PIERCE, J. This case is before this court on appeal from an order by the Appellate Division, affirming a finding in favor of the plaintiff by the District Court and dismissing a report filed by the defendants.

The action is one of contract in which the plaintiff seeks to

recover damages for the breach of an agreement by the defendants to purchase from the plaintiff certain bottles and merchandise at the price and upon the terms set forth in a certain formal writing signed by the plaintiff alone. The answer of the defendants was a general denial; they further pleaded fraud and deceit on the part of the plaintiff in representing the goods it attempted to sell to the defendants in fraud of its creditors, and also that the goods were misrepresented as to quality and their utility in the soda business, and that they were free from all encumbrances, when in fact they were not.

At the trial in the District Court evidence was presented to show that on October 24, 1928, the plaintiff executed and signed a memorandum, and at that time the defendant paid the plaintiff $100 as a deposit in connection with it. The writing reads as follows: "We the undersigned Bancroft Bottling Corporation do hereby consent to sell and dispose of all the stock, extracts, bottles, boxes, crowns, labels and soda (filled) which we have on hand actually and presently in our shop at 49 Lafayette St. save and except the John Todd boxes and green bottles and Beer boxes full or empty, and Abenakis Water full and empty cases, the same to be delivered immediately to the Worcester Soda Co. of Worcester, Mass. for the price of Fifteen hundred and fifty dollars cash (100.00 paid now) and Fourteen hundred and fifty dollars payable as follows: — (100 small boxes to be excluded for the use of the Bancroft Bottling Corporation) up to April 1st 1929, one thousand dollars on        of the contract and Four hundred and fifty dollars with a note payable in fifteen days. The Bancroft Bottling Corporation to bottle only Pale Dry Ginger Ale in 6½ ozs. and 12 ozs. bottles and Abenakis Water in the future."

The trial judge filed a statement of findings and rulings containing all other evidence material to the questions reported as follows: "The plaintiff on October 28, 1928, agreed to sell a large number of bottles and other miscellaneous merchandise incidental thereto to the defendants for $1,550 by a writing signed by the plaintiff, a copy of which is annexed to the plaintiff's declaration. The defendants paid

$100 on account of the purchase price. I find that the plaintiff was willing to go through with the contract of sale but that the defendants neglected to do so, and that as a result thereof the plaintiff sustained a damage of $350. I find that the property included in the contract of sale was covered by a mortgage at the time the contract was made but that the mortgagee agreed to discharge this mortgage so that the plaintiff was in a position to give a clear title. I find that there were among the bottles covered by the contract a number of so called 'Whistle' bottles; and I further find that the fact that these bottles could not be used for products other than 'Whistle' was understood by the parties, and that they were bought and sold with the intention that they were not to be used in any other way. Since the bringing of the action the plaintiff has been adjudicated a bankrupt and the trustee in bankruptcy has appeared. I deny the defendants' requests for rulings and find for the plaintiff for $350.''

At the close of the trial and before final arguments the defendants made the following requests for rulings: ''1. On all the evidence the plaintiff cannot recover. 2. As a matter of law discussions resulting in a sketch or memo such as was disclosed does not constitute a contract. 3. That the plaintiff attempted to sell to the defendants bottles in violation of G. L. c. 110, § 19.''

It is plain that request numbered one was denied rightly. The plaintiff was entitled to recover damages from the defendants, if the evidence derived from the formal writing signed by the plaintiff and the other reported evidence in any legal form were sufficient to justify a finding for the plaintiff. *Rubin* v. *Huhn,* 229 Mass. 126, 129.

The denial of request numbered two was right. There is no evidence in the report that ''discussions'' between the plaintiff and defendants preceded, and resulted in, the formal writing which is termed a ''sketch or memo'' in the second request. Assuming the writing expressed the terms of an offer by the plaintiff and an acceptance by the defendants, it was not invalid in its inception for want of mutuality of obligation. *Bernstein* v. *W. B. Manuf. Co.* 238 Mass. 589, 591. It contains the names of the plain-

tiff and the defendants, a description of the goods, the quantity, the price, the time and place of delivery, and the terms of payment. Nothing is uncertain which is not made certain by obligations imposed by rules of law. On the reported facts the trial judge was warranted in finding, as he must have done in finding for the plaintiff, that the plaintiff made an offer to the defendants in the terms set out in the writing signed by it; that the defendants expressed their assent by the payment made and that they agreed to receive and pay for the goods described in writing in accordance with the agreed terms of payment.

The request numbered three in so far as it raised the question whether the plaintiff could recover on the evidence was refused rightly. The report is silent as to how and when the "Whistle" bottles came into the possession of the plaintiff. There is no evidence in the report showing a registration of these bottles in the manner required by G. L. c. 110, § 17. There is no evidence that these bottles were used or intended to be used by the plaintiff or defendants as containers of beverages other than "Whistle" products. Consequently there was no evidence of a violation of the provisions of G. L. c. 110, §§ 17–19, or of any intent to violate the purposes of the statute which would be evidenced under G. L. c. 110, § 19, by the sale of the "Whistle" bottles. See *Commonwealth* v. *Anselvich*, 186 Mass. 376.

The variance between the copy of the alleged contract which is annexed to the declaration and the proof of the contract which was executed and signed by the plaintiff in respect to the time when, after delivery, the balance of the consideration should become payable was immaterial in the determination of the general question of the defendants' liability as well as of the requests of the defendants for specific rulings not relating to such issue.

*Order dismissing report affirmed.*