ALBERT WEINER *vs.* D. A. SCHULTE, INC.

Suffolk.    November 12, 1930. — May 25, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Sale,* Warranty, Of chewing tobacco. *Agency,* Scope of authority. *Evidence,* Of identity, Presumptions and burden of proof. *Witness,* Credibility. *Practice, Civil,* Interrogatories, Report.

At the trial of an action of contract for breach of a warranty in the sale of chewing tobacco, there was evidence that the plaintiff went to a cigar counter maintained by the defendant and asked for chewing tobacco of a certain brand; that the clerk in charge of the counter replied that he had none of that brand, but had another brand which was better; that the plaintiff said he did not want it, whereupon the clerk said "I will guarantee it is perfectly harmless. It is good. Try it. I will guarantee it"; that the plaintiff bought a plug and "took the man's word" for its quality and purity; and that, upon biting into the plug, he broke one of his teeth upon a nail imbedded in the tobacco. *Held,* that

(1) Findings were warranted that the plaintiff by implication made known to the clerk the particular purpose for which the tobacco was required and relied on the clerk's skill or judgment, and that there was a breach by the defendant of an implied warranty of fitness under G. L. c. 106, § 17 (1);

(2) In the circumstances, such a warranty was not prevented from arising by G. L. c. 106, § 17 (4), since the jury could have found that, although the tobacco purchased had a trade name, it was not bought by the plaintiff under such trade name within the meaning of the statute;

(3) The evidence of express warranty was not inconsistent with an implied warranty of fitness so that, if believed, it would negative the existence of such an implied warranty by reason of G. L. c. 106, § 17 (6).;

(4) A finding was warranted that the authority of the clerk to give an implied warranty of fitness was incidental to his authority to sell;

(5) The presence of a nail in the tobacco properly could have been found to constitute a breach of the implied warranty of the fitness of the tobacco for the purpose for which it was bought;

(6) A verdict for the plaintiff was justified on the ground that there had been a breach of such a warranty of fitness, irrespective of whether the evidence was sufficient to support a finding that there had been a breach of an express warranty or of an implied warranty of merchantable quality under G. L. c. 106, § 17 (2).

The defendant in the action above described was a corporation, the name of which was "D. A. Schulte, Inc." A witness testified that the cigar counter was "run by" "Schulte Incorporated," and there was no evidence disclosing the existence of any person, firm or corporation other than the defendant doing business under a name containing the word "Schulte." *Held*, that a finding was warranted that the witness meant the defendant in his testimony.

Neither testimony by the plaintiff at the trial above described concerning his prejudice against the brand of tobacco sold him by the clerk, nor the fact that, five weeks before the trial, he had stated in answers to interrogatories that he did not remember the conversation between him and the clerk when he bought the tobacco, made it proper to order a verdict for the defendant on the ground that the plaintiff himself was so unreliable that no reasonable man should have believed him; nor was the plaintiff's account of the way in which he was injured of such an impossible nature and in such conflict with facts which are matters of common knowledge that the jury could not have believed it.

Upon a report, after a verdict for the plaintiff, of an action tried in the Superior Court, which did not raise specifically any question of pleading nor disclose that any such question was raised at the trial, the only question reported being whether "the case was properly left to the jury" after the denial of a motion by the defendant that a verdict be ordered in his favor, no question as to the sufficiency of the pleadings to support the verdict was open in this court.

CONTRACT OR TORT.    Writ dated June 1, 1926.

The action was tried in the Superior Court before *Keating*, J.    The plaintiff elected to proceed on a count in contract.

Material evidence is stated in the opinion.   The judge denied a motion by the defendant that a verdict be ordered in its favor.   There was a verdict for the plaintiff in the sum of $350.   The judge reported the action for determination by this court.

O. *Storer,* (*J. J. Lucas* with him,) for the defendant.

*G. I. Cohen,* for the plaintiff.

FIELD, J.   The declaration in this action in the Superior Court was in two counts, one in tort, the other in contract. The plaintiff elected to stand on the count in contract.   In this count he alleged "that the defendant on or about April 26, 1926, was engaged in the manufacture, sale or distribution of tobacco; that on or about said date the plaintiff purchased some tobacco which was manufactured, sold or distributed by the defendant, its agents or servants; . . . that the defendant, its agents or servants represented the same to be wholesome and what he intended to purchase, but . . . the tobacco was not as represented and was unfit for use, in consequence of which the plaintiff on chewing the same was caused to sustain injuries and suffered great pain of body and anguish of mind, has been put to expense for medical aid and attendance, and was prevented for a long time from pursuing his usual vocation," all to his great damage.   The defendant moved for a directed verdict. The motion was denied and there was a verdict for the plaintiff.   The trial judge reported the case "with the agreement that if the case was properly left to the jury judgment is to be entered for the plaintiff in the sum of $350, otherwise judgment is to be entered for the defendant."

The plaintiff testified as follows: He went to the cigar counter in a drug store for the purpose of buying some chewing tobacco and asked the clerk, the man behind the counter, for a piece of chewing tobacco, giving the name of a brand.   The clerk said, "I am sorry, I haven't got any" tobacco of that brand.   The plaintiff then started to walk out when the clerk called him back and said, "Here, Mister, come here.   I have got some tobacco here that is better" than that brand, naming a brand which was in stock.   The plaintiff replied that he didn't want tobacco of that brand,

that he understood "they put everything" in that tobacco. The clerk then said, "I will guarantee it is perfectly harmless. It is good. Try it. I will guarantee it." The plaintiff bought a plug, started back to work, took a chew and later another, and then attempted to take a third one. This time he bit the plug he broke a front tooth and found that a nail was embedded in the tobacco. The tobacco looked perfectly all right. There was no trouble with it, except the nail which the plaintiff did not see when he bought the plug or when he was using it. He "took the man's word" for the quality and purity of that plug of tobacco. The manager of the drug store testified that the cigar counter was run by "Schulte." In response to a question by the judge, "When this witness talked about Schulte, does he mean Schulte Incorporated"? this witness answered, "Schulte Incorporated, yes, sir."

The defendant contends, in support of its motion for a directed verdict, (a) that there was no implied warranty of fitness and that the clerk had no authority to make an express warranty, (b) that there was no evidence to connect the sale and warranty with the defendant, (c) that "the plaintiff's testimony was of such an impossible nature, and the plaintiff himself so unreliable, that no reasonable man should have believed him," and (d) that under the pleadings the plaintiff cannot recover on a warranty.

1. The authority of the clerk to make the sale was unquestioned. The verdict — apart from any question of pleading — would be supported by a finding of a warranty of fitness implied from the sale, and a breach thereof. Such a finding against the proprietor of the cigar counter was warranted by the evidence. G. L. c. 106, § 17 (1), is as follows: "Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment, whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be reasonably fit for such purpose." The jury could have found that the plaintiff by implication made known to the clerk the particular purpose for which the

tobacco was required and relied on the clerk's skill or judgment. *Ward* v. *Great Atlantic & Pacific Tea Co.* 231 Mass. 90. *Ireland* v. *Louis K. Liggett Co.* 243 Mass. 243. They could have found that the transaction was not "a sale of a specified article under its . . . trade name" where there is no implied warranty of fitness. G. L. c. 106, § 17 (4). It does not follow necessarily from the fact that the article purchased had a trade name that it was bought thereunder or that the buyer did not rely on the skill or judgment of the seller. The jury could have interpreted the plaintiff's testimony as meaning that though he selected a brand of tobacco he did not get it, but accepted a brand selected by the clerk. The existence of an implied warranty "is not negatived where the purchaser of an article, for a definite purpose rather than of a particular kind of merchandise, relies on the seller to supply him with something adapted to that end; the latter in that case does not escape liability by the recommendation and subsequent sale of an article having a trade name." *Ireland* v. *Louis K. Liggett Co., supra,* at page 247. See *Ryan* v. *Progressive Grocery Stores, Inc.* 255 N. Y. 388. The evidence of express warranty was not inconsistent with an implied warranty of fitness so that, if believed, it negatived the existence of such an implied warranty. See G. L. c. 106, § 17 (6). *Flynn* v. *Bedell Co. of Massachusetts,* 242 Mass. 450, 452. Clearly it could have been found that the authority of the clerk impliedly to warrant fitness was incidental to his authority to sell and that the presence of a nail in the tobacco constituted a breach of the implied warranty of the fitness of the tobacco for the purpose for which it was bought. *Ireland* v. *Louis K. Liggett Co., supra.* See also *Newhall* v. *Ward Baking Co.* 240 Mass. 434, 436. It is unnecessary, therefore, to consider whether the verdict could be sustained on the ground of a breach of an implied warranty of merchantable quality (see G. L. c. 106, § 17 (2); compare *Ryan* v. *Progressive Grocery Stores, Inc., supra*) or of an express warranty.

2. The evidence warranted a finding that the defendant was the proprietor of the cigar counter and that it made the sale and consequently the implied warranty. According to

the testimony of the manager of the drug store "the cigar counter" was run by "Schulte Incorporated." The record does not disclose the existence of any person, firm or corporation other than the defendant doing business under a name containing the word "Schulte." The jury could have inferred that by "Schulte Incorporated" the witness meant "D. A. Schulte, Inc.," the defendant in the case in which he was testifying.

3. It cannot be said as matter of law — whatever may be true as matter of fact — that the plaintiff was so unreliable or his testimony so inherently improbable that such testimony should not have been believed by the jury. The fact that, in answer to interrogatories propounded by the defendant, the plaintiff said that he did not remember the conversation between him and the clerk when he bought the tobacco, and five weeks later at the trial testified definitely to the conversation, as above stated, bore on his credibility, but the credibility of a witness is a matter of fact for the jury (*Eustis* v. *Boston Elevated Railway*, 206 Mass. 143, 144), who must determine which, if any, of conflicting statements by a witness are to be believed. See *Tierney* v. *Boston Elevated Railway*, 216 Mass. 283, 286. The plaintiff was not precluded by his answers to the interrogatories from testifying to the facts as he later remembered them. His testimony to his prejudice against the brand of tobacco sold him by the clerk did not make it impossible for the jury to believe that he did in fact buy that brand of tobacco. Nor, as the defendant contends, was the plaintiff's account of the way in which he was injured in such conflict with facts which are matters of common knowledge that the jury could not have believed it. See *Powers* v. *Wyman & Gordon Co.* 199 Mass. 591, 593–594.

4. No question of pleading is open. The case is here on report. No question could have been reported which was not raised at the trial and none can be considered here which, on a proper interpretation of the report, was not intended to be reported. *Brown* v. *National Dock & Storage Warehouse Co.* 239 Mass. 10, 16. *Crowe* v. *Boston & Maine Railroad,* 242 Mass. 389, 392–393. *Moskow* v.

*Marshall*, 271 Mass. 302, 306–307. The record does not disclose that any question of pleading as such was raised at the trial, nor is any such question reported specifically. The only question reported is whether, a motion for a directed verdict having been made by the defendant, "the case was properly left to the jury." So far as appears this motion was not based upon the pleadings. See *Shannon* v. *Willard*, 201 Mass. 377, 384–385. In general, a motion for a directed verdict not based upon the pleadings, "cannot be sustained if the evidence was sufficient in any legal form of declaring to justify a finding for the plaintiff in any amount." *Patton* v. *DeViney*, 259 Mass. 100, 102. See also *Ridenour* v. *H. C. Dexter Chair Co.* 209 Mass. 70, 78; *Ideal Leather Goods Co.* v. *Eastern Steamship Corp.* 220 Mass. 133, 135–136; *Rubin* v. *Huhn*, 229 Mass. 126, 129; *Katz* v. *Mazurkiewicz*, 273 Mass. 35, 38. Compare *Brasslavsky* v. *Boston Elevated Railway*, 250 Mass. 403, 404. The underlying reason for this rule is that, if specific objection had been made seasonably that the declaration did not state a cause of action or that there was variance between pleading and proof, the fault might have been corrected by amending the declaration. See *Edwards* v. *Carr*, 13 Gray, 234, 238; *Oulighan* v. *Butler*, 189 Mass. 287, 289; *Harris* v. *North American Ins. Co.* 190 Mass. 361, 373–374; *Noyes* v. *Caldwell*, 216 Mass. 525, 527. The evidence in this case meets the requirements of the rule and is within its reason.

It follows that in accordance with the terms of the report "judgment is to be entered for the plaintiff in the sum of $350."

*So ordered.*