Hibbard, P. J.
This is an action of contract in which the plaintiff seeks to recover for breach of warranty for *24 damages alleged to have been suffered by him as a result of purchase of certain com for seed purposes.
The answer was a general denial.
There was evidence tending to show that the plaintiff purchased at the store conducted under the name and style of “James D. Splann Estate” in South Deerfield, Mass., twenty-eight pounds of corn in its original, unbroken bag. On the bag was printed the name of a seedsman and on a tag attached to the bag were the words “Field corn”. On the tag also was a statement that the seedsman gave no warranty as to description, quality, productiveness or any other matter of any seeds sent out by them. The plaintiff paid three dollars and thirty cents ($3.30) for the seed corn and planted it “in rows.” As it developed, it proved to be ensilage corn and did not ripen as field corn intended to be husked would.
There was evidence that the entire field of corn was hit by frost but that a portion which had been planted with othei seed was not damaged.
The plaintiff in his direct examination was asked to state the conversation which he had with a clerk in the store when he bought the corn. To this question defendant objected, the Court admitted the evidence and the defendant claimed a report. Thereupon the plaintiff answered: “I said, ‘I want good field corn, the kind you husk’. Jack (the clerk) said he did not have any field corn. Later Jack said he had a bag of field corn that had been ordered for a man named Murphy, but as Murphy had not been around to take it, he (the plaintiff) might have it. He showed me one 28-lb. bag. He said ‘Good field corn.’ I said, ‘I take it.’ ”
The defendant testified he was the manager of the store acting for the executrix and trustee under the will of James *25 D. Splann, drawing a salary for his services but having no personal ownership in the store.
There was no prejudicial error in the admission of the evidence. Weiner v. D. A. Schulte Inc., 275 Mass. 379, 383.
According to the report the defendant seasonably filed a request for ruling of the following tenor:
“That upon all the evidence the defendant was entitled to a verdict.”
The report then proceeds as follows:
“The Court overruled said motion and found for the plaintiff.”
Unless we misinterpret the report, the defendant filed a request not a motion. The form of the request is open to the objection that the word “verdict” is used instead of “finding”. The refusal to give the ruling was justified on the ground that it was not in conformity with the rule of the District Courts which is
“No review as of right shall lie to the refusal of a request for a ruling upon all the evidence in a case admitting of specification of the grounds upon which such request is based unless such grounds are specified in the request and then only upon the grounds so specified.”
Aside from this aspect of the matter, we think the Trial Judge was justified in refusing the requested ruling. The report is somewhat “sketchy” and the Trial Judge filed no specific findings of fact, a practice not to be commended.
It is our opinion however that from the facts appearing in the report, the Trial Judge was justified in finding that the plaintiff sought to purchase a certain type of seed corn *26 and that he was told the seed which was furnished to him was of the character desired by him; that seed of that same character secured from elsewhere germinated, was not affected by the frost and produced a crop; that if the kind of seed which the plaintiff asked for had been furnished to him the entire planted area would have borne a harvest-able crop and that further failing such the plaintiff sustained damages.
The report states that the action is brought to recover for breach of warranty. The brief filed by the plaintiff1 states that “This is an action of contract to recover for the breach of an implied warranty.”
The evidence so far as the report is concerned indicates that the action was tried and decided upon the theory of an express warranty. We find no fatal inconsistency or variance, Weiner v. D. A. Schulte, 275 Mass. 379, 383, in this situation.
We consider only the defenses set forth in the report or briefed and argued.
No prejudicial error appearing, the report is to be dismissed.