Petting-ell, J.
After a new trial, following an order of this Division, this case returns upon a second report. The new trial resulted in a finding for the plaintiff. The first trial had ended in a finding for the defendant. The present report differs in many respects from the first one. The evidence reported in it is not exactly the same as in the first report, and only one request for a ruling was filed instead of the ten at the first trial.
The main issue in the case is the same, however. The plaintiff, “about the first of June, 1936”, registered Ms automobile, giving his residence as 24 Windsor Street, Cambridge. He testified that he never lived at that address; that, with Ms son, he lived at 4 Ringold Street, Boston, *94 where they had two rooms and got their own meals; that he had lived there for a year prior to the accident; that in the period between the registration of the car, “about the first of June, 1936”, and the time of the accident, July 9, 1936, he kept the automobile in the street in front of the house, 4 Eingold Street, for short periods and some times at night.
He testified, also, that he kept the automobile at 24 Windsor Street, Cambridge “when he would go back to Boston”; that his wife, with whom he had. not lived for ten years, lived at that address with some colored people, named Niles. It does not appear from the report whether the plaintiff, or his wife, is white or colored, but the case was argued on the basis that they are both white.
At the close of the trial, the defendant filed a request for a ruling, viz:
“1. On all the evidence the motor vehicle of the plaintiff was illegally registered and in violation of the law. General Laws, Chapter 90.”
The trial judge denied this request with the following notation:
“This is denied on all the evidence, but it is a question of law on the testimony and on the request of the defendant will report the same.”
There was a finding for the plaintiff.
The only issue raised by the report is whether there is prejudicial error in the trial judge’s disposition of the ruling requested by the defendant. Such a request is in effect a request to rule that the evidence is insufficient in any form of declaring to justify a finding for the plaintiff in any amount. Rubin v. Huhn, 229 Mass. 126, at 129. Where *95 the evidence is conflicting, the trial judge cannot properly give such a ruling. Downey v. Levenson, 247 Mass. 358, at 365. It could not be given if the reported evidence in any form was sufficient to justify a finding for the plaintiff. Katz v. Mazurkewicz, 273 Mass. 35, at 38.
The burden of proof was upon the defendant to establish the illegal registration of the plaintiff’s automobile. Brewer v. Hayes, 285 Mass. 144, at 145. It could not have been ruled as matter of law that this burden had been sustained. There was evidence of a real reason for the plaintiff’s selection of the Cambridge address in registering his car. His wife lived at that address, he received his mail there, he frequently kept the ear there. There is no evidence of any improper purpose on his part; his good faith must be presumed. Doyle v. Goldberg, 294 Mass. 105, at 109. A “finding was not precluded that, so far as there was any misstatement of the plaintiff’s residence in the application, it was due to ‘blameless oversight or ignorance’ ”. MacInnis v. Morrissey, 298 Mass. 505, at 508. A misstatement as to residence is a “mistake” within the meaning of St. 1934, C. 361, MacInnis v. Morrissey, 298 Mass. 505, LeBlanc v. The Cutler Company, Mass. Adv. Sh. (1940) 349, at 352, 353.
The trial judge found on the facts for the plaintiff. Such a general finding imports a finding of a “mistake” in which the plaintiff acted with “complete honesty of purpose accompanied by blameless oversight or ignorance of fact” and with “complete honesty of purpose”. If such was the plaintiff’s state of mind, the statute disposes of the case. It was not then a question of law. The case was decided when the judge made this general finding. There was evidence to warrant it. The report is to be dismissed.