No. 3121        Northern        Middlesex, ss.

CODMAN                    (Loewenberg & Harden)
v. BEANE        (Alvah L. Stinson—John J. Crehan)

From the First District Court of Eastern Middlesex—Brooks, J.
Argued Feb. 9, 1942—Opinion filed Mar. 10, 1942

PETTINGELL, J. (Sullivan, J., and Gadsby, J.)—Action of contract in two counts. The first is for the recovery of the balance due on a written promise of the defendant to pay the plaintiff $10,000. The second count alleges that the plaintiff sold and delivered to the defendant certain shares of preferred corporate stock for $7,324.11 for which the defendant has made one payment of $350.

There was conflicting evidence at the trial and a finding for the plaintiff. The defendant filed sixteen requests for rulings, of which four were granted and twelve denied. The trial judge filed a finding of facts, covering four pages of the report, which will be referred to in detail subsequently.

In order to understand the plaintiff's contentions and the

trial judge's action it is necessary to know and understand the facts underlying the plaintiff's claims.

The plaintiff and the defendant had been acquainted for some years through the plaintiff's husband, who had died before the trial. In the course of the husband's business he had become acquainted with the defendant who was instrumental in the organization of a corporation some of whose stock the husband had purchased. She testified that she was asked by the defendant and one Cripps, an employee of the defendant, to loan them money to help them put over a deal they were working on, and did loan them $2,000 which was subsequently repaid. Later she was asked to make another loan. As a result of this request, the instrument sued on in the first count was drawn. The writing states that the plaintiff furnished $2,000 and special services, and the defendant and Cripps "guaranteed" to pay her $10,000.

The defendant's contention is that this was a usurious transaction. The trial judge had the following to say about this transaction:

"A week later, Nov. 27, 1933, defendant and Cripps applied to the plaintiff for another loan of $2,000, in connection with this same New York project, and entered into a contract of repayment, introduced as Exhibit 2, signed by both under seal and acknowledged before a Notary. The amount to be repaid on Feb. 1, 1934, was $10,000. The consideration was stated to be the advance of $2,000 and "special services rendered." The services, according to the plaintiff, were in connection with the New York financing above referred to, also the previous loan. In Jan. 1934, $4,500 was repaid, and on February 7, $500. At another time $200 was paid on account, leaving a principal balance of $4,800, unless the testimony of defendant is to be believed that at the time of payment on Feb. 7, 1934, plaintiff waived further payments. There was nothing in writing to this effect and I am not satisfied that there was any such waiver.

"I find specifically that the agreement of Nov. 27, 1933, was executed by the defendant and Cripps for valid consideration and that the plaintiff is entitled to recover on Count 1, $4,800 with interest from Feb. 1, 1934."

The defendant's argument that the consideration was improper or insufficient or had failed, and that the agreement was illegal and void, because usurious, and that he was harmed by error in these respects, centers about the denial of the first requested ruling. The ruling is:

"1. Upon all the evidence plaintiff is not entitled to recover upon the 'writing' upon which suit is based, for the following reasons, to wit:

"(a) Defendant has performed all of his obligation, if any under said 'writing'; has paid the plaintiff in full and owes her nothing under or by virtue of said 'writing.'

"(b) The writing hereinbefore referred to is merely an expression of an attempt to make what is usually called a 'usurious agreement' and is illegal under the laws of the Commonwealth of Massachusetts."

The ruling requested is based "Upon all the evidence." It does not expressly ask for a ruling of law but for a finding for the defendant upon the facts set forth in the ruling. It is not a request that the evidence warrants or requires such a finding and is essentially different in character from such a ruling as that in *Bresnicy* v. *Heath,* 292 Mass. 293.

The requested ruling under consideration impliedly asks for a ruling of law that the plaintiff cannot recover. It asks the trial judge to weigh the evidence and then to make the finding indicated in the request. The weight of the evidence is a matter for the fact finding tribunal to consider. *Commonwealth* v. *DeSatnick,* 262 Mass. 508. A request by the defendant for a ruling "upon the evidence" is in effect a request to rule that "the evidence was insufficient in any legal form of declaring to justify a finding for the plaintiff in any amount." *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379. The evidence heard by the trial judge was conflicting; if the testimony offered by the plaintiff was believed by him, he could not give the ruling requested. *Downey* v. *Levenson,* 247 Mass. 358.

No request was made for a ruling upon the sufficiency of the evidence to warrant a finding that there was no consideration, or that the consideration was illegal, or had failed, or that the agreement was, usurious, which would raise an issue of law and support an attack upon the trial judge's finding of a valid consideration. Without such a request, the findings of fact of the trial judge must stand. *Stowell* v. *H. P. Hood & Sons, Inc.* 288 Mass. 555; *Baker* v. *Davis,* 299 Mass. 345; *Looby* v. *Looby,* 303 Mass. 391.

The case must be considered, therefore, upon the basis of the findings of fact made by the trial judge. There was evidence to support those findings. The plaintiff testified that besides the money advanced by her she was to render special services in connection with the New York financing of the project. We are of opinion that her testimony, if believed, warranted the finding of a valid consideration. The adequacy of the consideration was not an issue; its existence is the material fact. *Dondis* v. *Lash,* 277 Mass. 477. Consideration was a question of fact. *Seager* v. *Drayton,* 217 Mass. 571, at 572. So also was the issue of usury. *Stevens* v. *Davis,* 3 Met. 211. The findings of fact made by the trial judge in the plaintiff's favor, in our opinion, have sufficient warrant in evidence. We have "no jurisdiction of anything except the correctness of the rulings of the judge in point of law." *Weiner* v. *Pictorial Paper Package Corp.* 303 Mass. 123.

In our opinion there was no error of law in the denial of the first requested ruling.

The remaining rulings requested and denied have to do with the second count of the declaration under which the plaintiff attempts to collect the value of a certificate of shares of stock, sold and delivered by the plaintiff to the defendant.

As to this transaction, the trial judge found specifically as follows:

"I find that up to the time Mr. Codman gave Certificate #77 to his wife, he retained title to it and that by his transfer to his wife, the title to the certificate went to her despite her impression evidence by her testimony, that she never had title to it.

"I find that at the time he gave his wife the certificate, he orally assigned to her his claim against the defendant for the balance due on the re-purchase contract and that defendant recognized then or later that his obligation to pay for the stock was to the plaintiff and that this recognition is evidenced by his giving her $350 out of the proceeds of the money obtained from Endler.

"I find that title to the certificate passed to the defendant in October, 1936, when he took it over from the plaintiff and thereafter exercised complete dominion over it for his own purposes. Whether this situation constitutes a novation or a straight sale by the plaintiff, it seems to me that the plantiff is entitled to recover under Count 2 of her declaration and I find for her in the sum of $6,774.11."

The defendant's fourteenth request raises the issue of the sufficiency of the evidence to warrant such a finding.

This request is equivalent to a motion in a case before a jury, for a directed verdict. If there was evidence, taking it in its aspects most favorable to the plaintiff, with all inferences made in her favor which are warranted by the evidence, the request could not properly be granted. *Karjavainen* v. *Buswell*, 289 Mass. 419. At this stage of the case only the plaintiff's evidence is to be considered. *Burke* v. *John Hancock Mutual Life Inc. Co.* 290 Mass. 299.

In the first place, a motion for a directed verdict, cannot be allowed, or, as in this case, a request that the evidence is insufficient to warrant a finding for the plaintiff, cannot be given, where, as here, the entire evidence is open to more than one conclusion. Where material facts are in dispute, the case must be submitted to the fact finding body. *Great Barrington Savings Bank* v. *Day,* 288 Mass. 181. In the next place, there was evidence which would warrant a finding for the plaintiff.

There is no doubt as to Codman's ownership of Certificate 77. The first disputed issues are his oral transfer of the certificate, and his oral assignment of the agreement by the defendant to repurchase the certificate, and his oral assignment

of the agreement by the defendant to repurchase the certificate, found by the trial judge to 'have transferred title as to these items to the plaintiff.

As to the stock certificate, a transfer by the owner of a certificate endorsed in blank, passes a good title to the receiver, who in turn can give a good title. *Stuart* v. *Sargent*, 283 Mass. 536.

Oral assignments of choses in action are valid and effective. *Kagan* v. *Wattendorf & Co., Inc.* 294 Mass. 588.

An oral assignment of the agreement to repurchase, however, gave the plaintiff no right to sue the defendant in her own name. There was no evidence here that the right of Codman which he assigned orally to his wife was a negotiable instrument. No such instrument is declared on. As far as the evidence shows anything, the agreement was non-negotiable, a chose in action. The right of the assignee of such an instrument to sue on it in her own name depends upon G. L. (Ter. Ed.) c. 231, § 5 which requires that the assignment be in writing. See also, *Lewis* v. *Club Realty Co.* 264 Mass. 588.

The plaintiff, however, even if she cannot recover on the agreement as her husband's successor in title, can recover in her own name if the transaction between her and the defendant amounted to a novation creating a privity of contract. If the certificate was legally hers and she delivered it to the defendant with an agreement that he was to pay for it, she is entitled to recover.

The trial judge's finding that the title went to the wife "despite her impression evidenced by her testimony that she never had title" is not challenged by the ninth requested ruling that any sale by the plaintiff was illegal under the laws of the Commonwealth. An examination of the pleadings referred to in the report does not disclose that this particular defense is open to the defendant. *Morello* v. *Levakis*, 293 Mass. 450. That request called for a finding of fact and was properly denied as had been pointed out in the case of the six requests earlier discussed. Illegality is a question of fact. *Patrigan* v. *Garvey*, 287 Mass. 62, G. L. (Ter. Ed.) c. 259, § 6, was not applicable to the situation because the trial judge specifically found that the plaintiff had possession of the stock as assignee and title to it. She was the "owner" mentioned in the statute as having a right to sell. G. L. (Ter. Ed.) 110A. As far as the evidence in the case is concerned, the transaction between the plaintiff and the defendant was an "isolated sale," exempt from the operation of the statute under General Laws (Ter. Ed.) c. 110A, § 3.

Nor is the plaintiff's right to the stock and to sell it, controlled by testimony that she never had a title to it. There were other matters in evidence which contradicted her testimony in this respect to the benefit of which she was entitled. *Horne-*

*man* v. *Brown* 286 Mass. 65. Testimony as to the title of personal property may be nothing more than "opinion, and is not competent evidence to prove title when everything upon which title depends is established by evidence from records and undisputed facts." *Chase* v. *New York, Central & Hudson River R. R.,* 208 Mass. 137.

There was evidence which would warrant a finding that the plaintiff sold the certificate to the defendant. It had been her husband's, with whom the defendant had made an agreement to purchase the stock at a stated price. The plaintiff, having possession of the stock and its title, turned it over to the defendant upon his request. He failed to return it when the occasion, for which it had been borrowed, did not materialize. Instead of returning it, he proceeded to treat it as his own, pledging it to secure loans made to him. During this time he made a payment to the plaintiff, by which, the judge finds the "defendant recognized . . . his obligation to pay for the stock."

We are of the opinion that his is a finding of fact which cannot be questioned bu there is a question whether by that payment the defendant recognized an obligation to pay the plaintiff for the stock the same amount that he had agreed to pay the plaintiff's husband. The trial judge could find, however, that that was an obligation to pay, and, therefore, a sale, and that the plaintiff was entitled to a finding for something, if for nothing more than nominal damages. "If unable to prove actual damage, he would be entitled to nominal damages for this breach of duty." *Holtz* v. *Western Union Telegraph Co.* 294 Mass. 543. The existence of such a right was a sufficient reason for the denial of the defendant's fourteenth requesting ruling. The defendant has not raised by any request for ruling on the issue of the amount of the damages.

One requested ruling remains undisposed of, the defendant's first additional requesting ruling based on a variance, as to the second count, between the allegation and the proof. An examination of the pleadings reported and a consideration of the evidence heard does not disclose a variance. The claim appears to have its basis in the testimony of the plaintiff that she did not have title to the stock. This has been discussed earlier. At the oral argument, as well as in his brief, the defendant's findings of fact were erroneous. No request for a ruling upon the sufficiency of the evidence to warrant them was filed. There has been no other specifications of a variance. What has been said about the findings and the inferences to be drawn from them disposes of this request. There was evidence which warranted the findings and if the findings were warranted, there was no variance. They permit a general finding in accordance with the declaration. The ruling requested was properly denied.

No prejudicial error appearing, the report is to be dismissed.