MERVIN HAT CORPORATION *vs.* TEXTILE PAPER TUBE COMPANY, INC. November 28, 1958. Order dismissing report affirmed. In this action of tort for property damage alleged to have been caused by the defendant's negligence the judge found for the plaintiff. A report to the Appellate Division having been dismissed, the defendant appealed. There was evidence that at the times here material the plaintiff occupied the fourth floor of a building in Fall River in which it manufactured men's hats. The defendant, which manufactured paper tubes, occupied the fifth floor of this building. On September 7, 1951, a Friday, the plaintiff closed its factory for the weekend. On the following day (Saturday) one Douglas, the defendant's treasurer, went to the defendant's premises and turned the water on in a large tank owned and controlled by the defendant. Douglas then went into another part of the premises and "became busy or occupied and forgot about the water running in the tank." As a result, water overflowed and seeped from the defendant's premises onto the plaintiff's premises, causing damage to the plaintiff's property. The questions of law sought to be raised stem from the granting of three of the plaintiff's requests, which we interpret as rulings that a finding for the plaintiff was warranted, and from the denial of the defendant's motion for a new trial. The defendant first contends that there was a variance between the declaration and the proof. The short answer to this contention is that no question of pleading was raised at the trial. Hence the finding for the plaintiff will be sustained "if the evidence was sufficient in any legal form of declaring to justify a finding for the plaintiff in any amount." *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379, 385. The principal contention of the defendant is that the evidence would not warrant a finding that Douglas was acting for the corporation at the time he turned on the water. But we think that it was open to the judge to infer from the fact that Douglas was the defendant's treasurer and that after he turned on the water he became "busy or occupied on the premises" that he was there on the defendant's business on the day in question. Finally, the defendant argues that the judge erred in denying its motion for a new trial. On the grounds set forth in the motion it was addressed to the judge's discretion and we cannot say that its denial was an abuse of discretion.

*James Seligman*, for the defendant.

*Benjamin Horvitz*, for the plaintiff, submitted a brief.