*Northern District*

No. 5746

**RUSSO'S MARINE MART, INC.**

**v.**

**LOUIS and DOROTHY LAVARGNA**

*Present*: Eno, J. (Presiding), Connolly & Parker, JJ.

Case tried to *Brooks, J.* in the First District Court of Eastern Middlesex. No. 442/62.

*Connolly, J.* The declaration in this action of contract is an account annexed for the balance due of the purchase price of a boat, a tender and a motor. It contains no allegation of an assignment of the claim in question. The answer is a general denial, a plea of payment, a specific denial of the contract and a plea of *res adjudicata.*

The defendant seasonably filed the following requests for rulings:

(1) The evidence as presented does not warrant a finding for this plaintiff against either defendant.

(2) If the evidence indicates that an individual plaintiff did business with the defendants or either of them, then the plaintiff herein cannot recover.

(3) If the plaintiff or its agent brought suit or was engaged in litigation over any of the items for which the plaintiff herein is suing, then if the prior case went to judgment, there can be no recovery herein for the plaintiff.

(4) Inasmuch as suit was brought by the defendant, Dorothy LaVargna, against the individual Russo, who, as an agent for the plaintiff herein, and a decision made that the boat was unfit and there existed a breach

of warranty, and that the motor and tender was part of that suit, the plaintiff herein cannot recover.

The brief of the defendant relates solely to the question of the right of the plaintiff to sue in its own name for the balance due under a sale made by the predecessor of the plaintiff in business, without evidence of a written assignment of the accounts receivable from the original seller to the plaintiff.

As a consequence, we regard the claim of *res adjudicata* as being waived. Rule #34, Rules of the District Courts; *Lolos v. Berlin,* 338 Mass. 10.

The evidence at the trial is best described by the findings and rulings of the trial judge:

"In October, 1956, John Russo d/b/a Russo's Marine Mart, subsequently incorporated as Russo's Marine Mart, Inc., sold to Dorothy Richardson, now Dorothy LaVargna, a motorboat on which transaction, at the time this suit was instituted, was due a balance of $111.00. This boat was first put into the water in May, 1957 at which time it sank, due to a condition of the boat which this court subsequently found to constitute an actionable defect. Louis LaVargna, now husband of Dorothy, acted as her agent in the matter of the above purchase. He also acted, shortly after the launching of the motorboat, as her agent in the purchase of a tender and motor bought from John Russo d/b/a for $220.00.

John Russo d/b/a was incorporated in 1958 as Russo's Marine Mart, Inc. Subsequent to the incor-

poration, Dorothy LaVargna brought suit against the corporation for breach of warranty for damages caused by the sinking of the boat in May, 1957. The case was tried in this court which found for the plaintiff in the sum of $635.00 with interest, which amount represented the difference between the value of the boat before it sank and after it was raised and hauled out of the water (500.00) plus lost equipment (135.00).

I find that the charter of the corporation mentioned "accounts receivable" and that these included the two claims of $111.00 and $220.00. I find further that these claims have not been paid. I find that Dorothy LaVargna was the disclosed principal in the two transactions and is liable to plaintiff in the amount of $331.00 plus $41.38 interest. I rule that this matter is not res judicata as a result of the first trial. All defendant's requests for rulings are denied."

The only reference to an assignment of the account in question is from the above finding where the trial judge states that the charter of the plaintiff corporation "mentioned" accounts receivable including the two in suit.

We do not believe that this constitutes evidence of a written assignment as required by the statute. G. L. c. 231, §5.

In the absence of a written assignment, the plaintiff cannot sue in its own name unless there was a novation between the parties. *Godman v. Beane,* 2 Mass. App. Dec. 134, 138. No evidence of such a novation exists in this case. While it is true that the action of the defendant in suing the plaintiff for

breach of warranty arising out of the sale in question would indicate that she considered the plaintiff as the successor to the liabilities of the original seller, it does not follow that she thereby recognized the plaintiff as the successor to the assets of the seller.

As a consequence, the trial judge was in prejudicial error in denying the first two requests for rulings of the defendant.

From the report, it would appear that the defendant is indebted to the original seller for the balance of the purchase price involved.

Consequently, the case is returned to the court of origin with the instructions to the clerk that if within twenty days of the receipt of notice of this decision, the plaintiff files a motion to amend its declaration by adding as a party plaintiff, "John Russo d/b/a Russo's Marine Mart" and said motion is allowed, the finding for the plaintiff is to be vacated and a new trial is ordered.

If the motion to add the new party plaintiff is not so filed, or if so filed, is not allowed, then the finding for the plaintiff is to be vacated and a finding for the defendant entered.

Bishop & Ahern, of Medford, for the Plaintiff.

Marvin K. Margolies, of Boston, for the Defendants.